Argued December 3, affirmed December 19, 1952, motion
for attorney's fee allowed January 21, 1953

# GREEN *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

251 P. 2d 437
252 P. 2d 545

*Roy K. Terry,* Assistant Attorney General, of Portland, argued the cause for appellant. With him on the brief were George Neuner, Attorney General, of Salem; Ray H. Lafky, Assistant Attorney General, of Salem; T. Walter Gillard, and Don G. Swink, Assistant Attorneys General, of Portland.

*Walter H. Evans Jr.,* argued the cause for respondent. On the brief were Krause & Evans, of Portland.

Before BRAND, Chief Justice, and ROSSMAN, LATOURETTE, WARNER and TOOZE, Justices.

TOOZE, J.

The defendant State Industrial Accident Commission appeals from a judgment of the circuit court for Multnomah county, awarding compensation for permanent partial disability to the plaintiff Morgan H. Green. The case was tried to the court without intervention of a jury.

In the year 1943, while employed subject to the provisions of the Workmen's Compensation Law, plaintiff sustained a personal injury by accident arising out of and in the course of his employment, caused by violent and external means. The injury was to his back. Part of the treatment for the injury consisted of an operation to his spine known as a "spinal fusion". Defendant closed his claim with an award of compensation for permanent partial disability equivalent to 100 per cent loss of function of an arm, the maximum award for permanent partial disability for an injury of that type. At that time disabilities were figured in degrees, and the award made to plaintiff amounted to 96 degrees.

Plaintiff resumed his place in industry, and in August, 1949, while again employed subject to the provisions of the Workmen's Compensation Law, he sustained another personal injury by accident. This latter injury was also to his back and in substantially the same part thereof as was the first injury. Again, as a part of his treatment, plaintiff had another operation on his spine known as a spinal fusion. This latter spinal fusion was on the opposite side, and the scar therefrom was approximately three inches longer than the operative scar from plaintiff's first operation.

The parties stipulated at the time of trial that if a qualified physician were called to testify as a medical expert, he would testify that "as the proximate result of plaintiff's injuries of August 18, 1949, plaintiff sustained a permanent partial disability equivalent to 50 per cent loss of function of an arm", or, measured in degrees, of 66 degrees. In 1949 the legislature increased the maximum number of degrees for loss of an arm, or loss of function of an arm, from 96 degrees to 132 degrees. § 102-1760, OCLA, as amended by ch 537, § 6, Oregon Laws 1949.

Defendant paid all medical and hospital bills incurred on account of plaintiff's last injury, paid his compensation for his period of temporary total disability, but, upon closing his claim for compensation, refused to make a further award of compensation for permanent partial disability.

Defendant's refusal to make an award of compensation for permanent partial disability was based upon the proposition that plaintiff had already been awarded compensation for a permanent partial disability equivalent to 100 per cent loss of function of an arm as the result of his first accident, and an award for 100 per cent loss of function of an arm being the limit allowed under the law, no recovery could be had for additional permanent partial disability for further injuries to the same part of plaintff's body.

The trial court rejected the contention of defendant. It made and entered findings of fact and conclusions of law, and, based thereon, entered judgment against defendant remanding plaintiff's claim for compensation to defendant and ordering defendant "to cancel and set aside its order of October 6, 1950, and to enter an order awarding plaintiff compensation for perma-

nent partial disability equivalent to 50 per cent loss of function of an arm, or 66 degrees, for the injuries sustained by him on August 18, 1949, in accordance with the provisions of the Workmen's Compensation Law.''

The able trial judge gave careful consideration to the legal principles involved in this litigation. The facts were not in dispute. After considering the contentions of the respective parties, the trial judge prepared and filed a memorandum opinion in which he decided the issues. We are impressed with the reasoning of that memorandum opinion and believe it accurately states the law applicable to the situation. We adopt that opinion as the opinion of this court. Omitting the title of the cause, it is as follows:

''The plaintiff in the above action injured his back in 1943, and as a proximate result of such injury an operation known as a fusion was performed. Subsequent to said operation plaintiff was given an award of permanent partial disability equal to 100 per cent loss of function of an arm, or 96 degrees, which at the time of said injury was the maximum permanent partial award for an unscheduled disability.

''On August 18, 1949, the plaintiff sustained a second back injury, and as a proximate result of such second back injury a second fusion operation was necessarily performed. Plaintiff in the within action contends that he is entitled to a permanent disability award for any additional disability resulting from the August 18, 1949 injury.

''It would appear from the evidence that the scar from the second fusion operation is opposite the scar of the first operation, but extends three inches higher on the plaintiff's back. The respective parties through their respective counsel stipulated in open court that if under the law an award can

properly be made to the plaintiff herein on account of permanent partial disability a qualified doctor of medicine if called would testify that the plaintiff suffered a permanent partial disability proximately resulting from the injury to his back of August 18, 1949 of 50 per cent lost function of an arm, or 66 degrees.

■ "Counsel for defendant contends that by virtue of Subsection (3) of Section 102-1760, O.C.L.A., which provides as follows, to-wit:

" '(3) In all other cases of injury resulting in permanent partial disability, the number of degrees of disability shall be computed by determining the disabling effect of such injury as compared to the loss of use of any member named in the above schedule; not exceeding, however, 132 degrees.'

an injured workman suffering unscheduled disabilities in two or more accidental injuries is limited to a maximum combined award of 132 degrees, and that whereas the plaintiff received a maximum award for an unscheduled disability as a result of his 1943 injury to his back, the plaintiff is not entitled to any further permanent partial award as a result of plaintiff's unscheduled disability from his accident of August 18, 1949, save and except for the statutory increase in the maximum award for unscheduled disabilities from 96 degrees in effect at the time of the accident in 1943 to 132 degrees in effect at the time of the accidental injury of August 18, 1949. Counsel for defendant Commission concedes that plaintiff would be entitled to an award of 18 degrees, being 50 per cent of such increase. It would appear to the Court that even under the defendant's theory of the case the plaintiff would be entitled to an award of 36 degrees. However, in view of the final conclusions reached by the Court it becomes unnecessary to give further consideration to this aspect of the case.

"Counsel for both parties recognize that the

problem is governed largely by Section 102-1763, O.C.L.A., which provides as follows, to-wit:

" 'Sec. 102-1763. Further accident: Future compensation. Should a further accident occur to a workman who is receiving compensation for a temporary disability, or who has been paid or awarded compensation for a permanent disability, his award of compensation for such further accident shall be made with regard to the combined effect of his injuries and his past receipt of money for such disabilities.'

Prior to its amendment in 1935 the above section was known as Subdivision (h) of Section 49-1827, Oregon Code, 1930, and provided as follows, to-wit:

" 'Should a further accident occur to a workman already receiving a monthly payment under this section for a disability, or who has been previously the recipient of a lump sum payment under this act, his future compensation shall be adjusted according to the other provisions of this section and with regard to the combined effect of his injuries and his past receipt of money under this act.'

"Subdivision (h) of Section 49-1827, Oregon Code, 1930 was interpreted by our Supreme Court in the case of Cain vs. State Industrial Accident Commission, 149 Ore. 29 [37 P2d 353, 96 ALR 1072].

"Counsel for defendant takes the position that subsequent to the decision in the Cain case the legislature amended Subdivision (h) of Section 49-1827, Oregon Code, 1930 with the express purpose of limiting an injured workman suffering unscheduled disabilities in more than one accident to a combined recovery for permanent partial disability equivalent to the maximum recovery provided for in Subdivision (3) of Section 102-1760.

"After giving careful consideration to the briefs submitted by counsel the Court has reached the conclusion that the 1935 amendment to Subdivision

(h), Section 49-1827, Oregon Code, 1930 was not passed for the purpose contended for by counsel for defendant. It will be observed that Subdivision (h) of Section 49-1827, Oregon Code, 1930 before the amendment provided:

" '* * his future compensation shall be adjusted according to the other provisions of this section * *'

"In reliance upon the last above quoted portion of subdivision (h), Section 49-1827, Oregon Code, 1930 it might very well be contended that it was the intent of the legislature by the inclusion of said provision to limit the injured workman suffering unscheduled disabilities in two or more accidents to a maximum combined recovery for permanent partial disability equivalent to the maximum recovery provided for unscheduled disabilities where (1) a workman was '* * already receiving a monthly payment under this section for disabilities * *' or (2) where a workman '* * has been previously the recipient of a lump sum payment under this act * *'.

"While our Supreme Court in the Cain case did not expressly pass upon the interpretation to be given the above quoted portion of the statute, the Supreme Court's discussion of various component parts of said statute might very well have called to the attention of the members of the legislature the possibility of such a contention and such a construction.

"By eliminating the above quoted portion of Subdivision (h) of Section 49-1827, Oregon Code, 1930 it would appear to the Court the legislature desired to indicate that it was not its intention to limit an injured workman suffering unscheduled permanent partial disabilities in more than one accident to a maximum combined recovery equivalent to the maximum recovery provided for unscheduled permanent partial disabilities in one accident.

"Our Supreme Court in the Cain case, as well as in many other cases, both prior and subsequent,

has held that the workmen's compensation law must be given a liberal interpretation. We have the possible case of a workman who by virtue of a brain injury for which he has received a maximum award for permanent partial unscheduled disability, and through the use of such award has become adjusted to doing some type of skilled work involving manual labor, and who subsequently suffers an injury to his back and by virtue thereof is rendered wholly unable to carry on the occupation he pursued prior to such second injury. It would appear to the Court incompatible with the objects of the workmen's compensation law to deprive such a workman of any permanent partial award whatever in connection with his second accidental injury resulting in unscheduled disability on the ground that he had previously received a maximum permanent partial award in connection with a single injury resulting in unscheduled disability, as a result of his brain injury.

"From a careful reading of Subdivision (3) of Section 102-1760, O.C.L.A. it will be noted that said section provides 'the disabling effect of such injury' by 'such injury.' It would appear to the Court that the legislature by 'such injury' intended the injury from which the particular claim is made. A liberal interpretation of this section in the opinion of the Court would require that the limitation affixed to unscheduled injuries apply only to the particular injury which results from a particular accident.

"It appearing to the Court from the stipulation of counsel for the respective parties that a qualified medical expert if called would testify that with regard to the combined effect of plaintiff's disabilities sustained in the accident of August 18, 1949 and his disabilities sustained in his accident of 1943 and his past receipt of money for such disabilities the plaintiff as the proximate result of the further accidental injury to his back on August 18, 1949 is suffering a permanent partial disability equivalent to 50 per cent loss of function of an arm,

or 66 degrees. It follows from the conclusions reached by the Court with respect to the law as hereinabove expressed that plaintiff is entitled to an award of 66 degrees in the within action.

"Dated at Portland, Oregon, this 24th day of December, 1951.

"[Sgd.] Charles W. Redding
Judge."

■ Compensation for permanent partial disability is awarded not only for the purpose of compensating in a measure for the injury suffered by a workman, but also to assist him in readjusting himself so as to be able to again follow a gainful occupation. The law contemplates that the injured workman may, and perhaps will, again become employed in industry in some capacity. It would indeed be unjust if, while gainfully employed, the workman suffered another accident proximately resulting in additional permanent partial disability, he were denied any compensation therefor. We do not believe the legislature intended any such harsh result. The Workmen's Compensation Law must always be given a liberal interpretation. It is just a coincidence that plaintiff's second injury involved the same part of his body as that injured in the first accident, and that fact can have no bearing upon plaintiff's right to compensation for the permanent injury actually suffered as the result of the second accident. Payments for his first permanent partial disability award had long since terminated.

In our opinion, the 1935 amendment of subd. (h) of § 49-1827, Oregon Code, 1930 (now § 102-1763, OCLA) was not intended by the legislature to, nor did it, change the rules announced by this court in *Cain v. State Industrial Accident Commission*, 149 Or 29, 37 P2d 353, 96 ALR 1072.

What is said in this opinion has reference solely to separate injuries received in separate accidents. We give no consideration to the argument of defendant respecting the segregation of various injuries arising out of the same accident and separate and distinct permanent partial disability awards therefor. That question is not involved in this case, and we, therefore, express no opinion upon it.

The judgment is affirmed.

ON RESPONDENT'S MOTION FOR ATTORNEYS' FEES

*Krause & Evans,* of Portland, for the motion.

Before BRAND*, Chief Justice, and ROSSMAN, LATOURETTE**, WARNER and TOOZE, Justices.

TOOZE, J.

This matter is before us upon plaintiff's motion for the allowance of attorneys' fees as an incident to the affirmance by this court of the judgment of the trial court. The appeal was taken by the defendant State Industrial Accident Commission. Our opinion affirming the judgment against defendant was handed down December 19, 1952, but we did not include therein any allowance for attorneys' fees in this court. We point out, however, that no request was made therefor until the instant motion was filed.

■ In all cases where attorney's fees may or should be allowed by this court on appeal, the better practice is to make application therefor in the brief of the party entitled thereto. This is in the interests of a prompt and more efficient administration of the business of the court.

---

* Chief Justice when original decision was rendered.
** Chief Justice when this decision was rendered.

Section 102-1774, OCLA, as amended by ch 303, Oregon Laws, 1945, provides as follows:

" * * * Appeals may be taken from the judgment of the circuit court as in other cases, and in cases of an appeal by the commission [State Industrial Accident Commission] from an adverse decision of the circuit court if the judgment of the circuit court is affirmed, the claimant shall be allowed attorneys [sic] fees, to be fixed by the court, in addition to the compensation."

Under the express provisions of this statute, plaintiff is entitled to an allowance of attorneys' fees on this appeal. The fee so allowed is payable out of the Industrial Accident Commission fund, and is in addition, and not chargeable, to the compensation awarded plaintiff.

█ We have before us the record in this case, and from an examination thereof, we find that the sum of $250 is a reasonable sum to be allowed the plaintiff as attorneys' fees on this appeal. *Spicer v. Benefit Ass'n. of Ry. Emp.*, 142 Or 574, 603, 17 P2d 1107, 21 P2d 187, 90 ALR 517.

Plaintiff may, therefore, add this amount to the costs awarded him on appeal.