Argued October 31, modified and remanded with instructions
December 20, 1967

## NESSELRODT, *Respondent, v.* STATE COMPENSATION DEPARTMENT, *Appellant.*

435 P. 2d 315

*Quintin B. Estill,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Robert Y. Thornton, Attorney General, and Wallace Carpenter, Assistant Attorney General, Salem.

*Clifford B. Olsen,* Portland, argued the cause for

respondent. On the brief were Franklin, Olsen, Bennett, Des Brisay and Jolles, Portland.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, GOODWIN, DENECKE, HOLMAN and WOODRICH, Justices.

McALLISTER, J.

The State Compensation Department appeals from a judgment of the circuit court ordering it to increase its award of compensation to the plaintiff.

■ The facts are not in dispute.[①] In December, 1958, plaintiff injured the fingers of his left hand in an industrial accident, and was entitled to compensation under the Workmen's Compensation Law. The claim was closed in July, 1959, with an award for permanent partial disability equal in value to 29.31% loss of the function of the left arm.

In January, 1965, the plaintiff in a second industrial accident again injured his left arm, including his left fingers. When plaintiff's condition as a result of the second injury became stationary, the defendant closed his claim with an award for permanent partial disability equal to 90% loss of function of the left arm, less the 1959 award of 29.31%. The plaintiff appealed to the circuit court which found that the plaintiff was entitled to a permanent partial disability award of 100% loss of the function of the left arm, without any diminution on account of the 1959 award.

---

[①] In an action at law we are bound by the findings of fact, State High. Com. v. Kendrick, 227 Or 608, 363 P2d 1078 (1961); but we may review the trial court's application of the law to those facts, Waldorf v. Elliott, 214 Or 437, 441, 330 P2d 355, 357 (1958). See also, as to the findings of an administrative agency, Kirkpatrick v. Peet, 247 Or 204, 428 P2d 405, 408 (1967).

In this court the defendant does not resist the increase of plaintiff's award from 90% to 100% loss of function of the arm. The sole issue is whether there should be deducted from the second award the amount paid to plaintiff under the 1959 award. The issue is controlled by ORS 656.222, which reads as follows:

"656.222. Should a further accident occur to a workman who is receiving compensation for a temporary disability, or who has been paid or awarded compensation for a permanent disability, his award of compensation for such further accident shall be made with regard to the combined effect of his injuries and his past receipt of money for such disabilities."

■ This is a case of a further accident to a workman who has been paid compensation for a permanent disability, and whose further award is made with regard to the combined effect of his injuries. The legislature has directed that the award also shall be made with regard to "his past receipt of money for such disabilities." We think this requires that there be deducted from the present award the amount paid under the 1959 award.

Plaintiff relies on *Cain v. State Ind. Acc. Comm.,* 149 Or 29, 37 P2d 353, 96 ALR 1072 (1934), and *Green v. State Ind. Acc. Com.,* 197 Or 160, 251 P2d 437, 252 P2d 545 (1953), but we think those cases are not controlling here. In *Cain v. State Ind. Acc. Comm.,* Cain had sustained an injury to his back and the jury found that he was entitled to a permanent partial disability award of 44 months.[②] The commission contended that there should be deducted from that award three prior awards of permanent partial disability made to Cain because of prior back injuries. The court in construing

② § 49–1827 (f), Oregon Code 1930.

ORS 656.222 as originally enacted by ch 128, Oregon Laws 1933, § 11, held that the prior awards could not be deducted from the last award. The *ratio decidendi* of the opinion is obscure, but since the statute was amended by the next session of the legislature, there is no point in further analyzing the opinion at this time. We will only point out that Cain's injury did not involve a member of the body named in the schedule set out in ORS 656.214, but was an injury to the back, generally referred to as an unscheduled injury.

*Green v. State Ind. Acc. Com.,* supra, also involved successive back injuries, and this court held that ORS 656.222 as now codified after amendment by ch 46, Oregon Laws 1935, § 4, did not apply to unscheduled permanent partial disabilities. Assuming that the court in *Green* reached the right result, it does not follow that the statute is inapplicable to successive permanent partial disabilities involving a member of the body named in the schedule set out in ORS 656.214.[9] If the statute does not apply to either scheduled or unscheduled permanent partial disabilities, there are few, if any, situations to which it could apply.

If, as argued by plaintiff, the statute may cause harsh results in some cases, the situation should have the attention of the legislature. We have no right by construction to strip the statute of what seems to be a clear legislative purpose.

The case is remanded with instructions to enter an order in accordance with this opinion.

---

[9] ORS 656.214 (2) (a).