Argued and submitted October 30, reversed with instructions
to reinstate the order of the referee December 14, 1981

In the Matter of the Compensation of
Miner Lee Harris, Claimant.

**HARRIS,**
*Petitioner,*
*v.*
**STATE ACCIDENT INSURANCE FUND
CORPORATION,**
*Respondent.*

(No. 79-9167, CA A21009)

637 P2d 1292

Evohl F. Malagon, Eugene, argued the cause for petitioner. With him on the brief was Malagon, Velure & Yates, Eugene.

Darrell E. Bewley, Appellate Counsel, SAIF, Salem, argued the cause and filed the brief for respondent.

Before Joseph, Chief Judge, and Richardson and Warren, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

The issue in this workers' compensation case is the extent of unscheduled disability for a low back injury. By the determination order claimant was awarded 40 percent; after a hearing the referee awarded 60 percent; the Workers' Compensation Board reduced the award to 40 percent. Claimant appeals.

Claimant is a 49-year-old logging-truck driver with a 7th grade education and work experience primarily in heavy physical labor. In 1964, he injured his low back in a work-connected fall in California; in 1965, he underwent a laminectomy and fusion; in 1966, the fusion was surgically repaired. Claimant received a lump sum award of $5600 for that injury for residual permanent partial disability; the record does not reveal what percentage of disability that represented under the California workers' compensation system. In 1969, he returned to full-time work driving trucks. On October 22, 1978, he sustained a compensable low back injury while loading logs and has not worked since.

In February, 1979, a consulting neurosurgeon characterized claimant's condition as:

"\* \* \* [A] moderately severe and probably permanent disability involving the lumbar spine characterized by limitations of the range of motion, physical intolerance to strains and stresses, or other forces bearing on the lumbar spine, such as heavy lifting, pulling, pushing, back bending, and twisting, and by a probable chronic pain syndrome which may fluctuate in severity from time to time."

In March, 1979, that doctor stated that claimant did not appear to be able to return to his previous occupation as a truck driver, and in May, 1979, he recommended vocational rehabilitation for light work placement. In June, 1979, he described claimant's work limitations as

"\* \* \* avoidance of lifting in excess of 20-25 lbs., avoidance of back-bending and twisting, and avoidance of prolonged posture for more than two hours and avoidance of operation of heavy machinery or equipment."

In August, 1979, claimant's treating doctor also recommended retraining or placement in a lighter type of employment. At the time of the referee's hearing, claimant

had recently been contacted by a vocational rehabilitation counselor and was scheduled for an appointment.

The referee said in his opinion and order that, although claimant's residual disability from his 1964 injury might have "impaired" occupations requiring heavy lifting, the 1978 injury foreclosed him from the occupation in which he had had the most experience. The Board, however, reinstated the determination order of 40 percent, because it considered the referee's award of 60 percent "excessive for the residual effects of *this* injury and its relationship to claimant's loss of wage earning capacity." (Emphasis in original.)

In the exercise of our independent judgment on *de novo* review, we measure the extent of permanent partial disability by the loss of earning capacity due to the compensable injury, taking into account age, education, training, skills and work experience. ORS 656.214(5); *Smith v. SAIF,* 51 Or App 833, 836, 617 P2d 495 (1981). ORS 656.222[1] requires that the combined effect of claimant's prior injuries and his past award for any previous disability also be considered. After the original injury, claimant was eventually able to return to truck driving, and he earned his living at that job for nine years before the 1978 accident. Although we recognize that claimant's earning capacity may have been somewhat diminished after the California injury, claimant nonetheless could still work at the type of job in which he was most experienced and in which his pre-1978 earning capacity inhered. Under the facts here, after due consideration given to the previous award, we conclude claimant would be fairly compensated by the award made by the referee.

Reversed with instructions to reinstate the order of the referee.

---

[1] ORS 656.222 provides:

"Should a further accident occur to a worker who * * * has been paid or awarded compensation for a permanent disability, his award of compensation for such further accident shall be made with regard to the combined effect of his injuries and his past receipt of money for such disabilities."