Argued and submitted November 25, 1981, remanded
with instructions May 12, 1982

In the Matter of the Compensation of
Ralph S. Madril, Claimant.

CASCADE STEEL ROLLING MILLS,
*Petitioner,*

*v.*

MADRIL et al,
*Respondents.*

(WCB Nos. 78-57984, 79-8024,
79-00051, CA A21203)

644 P2d 655

Dennis R. VavRosky, Portland, argued the cause for petitioner. With him on the brief were Patric J. Doherty, and Rankin, McMurry, VavRosky & Doherty, Portland.

Robert W. Muir, Albany, argued the cause for respondent Ralph S. Madril. With him on the brief was Emmons, Kyle, Kropp & Kryger, P.C., Albany.

David O. Horne, Beaverton, waived appearance for respondent Parker's Specialty Mfg.

Before Richardson, Presiding Judge, and Van Hoomissen and Warden, Judges.

VAN HOOMISSEN, J.

### VAN HOOMISSEN, J.

Employer appeals from an order of the Workers' Compensation Board (Board) which affirmed an order of the referee awarding claimant compensation for permanent partial disability equal to 80 degrees for 25 percent unscheduled low back disability. The issue is whether the award of compensation was made with regard to the combined effect of claimant's present and past low back injuries and his past receipt of money for such disabilities. ORS 656.222.[1]

In February, 1974, claimant incurred a back injury while working for his employer, Parker's Specialty Mfg. (Parker's). In March, 1974, Dr. Fax performed a bilateral partial laminectomy of L4-5 with disc removal. In March, 1975, Dr. Fax found claimant's condition medically stationary and released him to return to work. He immediately began working for Cascade Steel Rolling Mills (Cascade) as a forklift operator. In May, 1975, by determination order, claimant was awarded temporary total disability and 64 degrees for 20 percent unscheduled permanent partial disability of his low back. On hearing, a referee increased the award to 192 degrees for 60 percent unscheduled low back disability.

In February, 1976, claimant aggravated his back condition while working at Cascade. In August, 1977, a referee found that the 1976 injury constituted an aggravation of the 1974 Parker injury, not a new injury for which Cascade was responsible. In June, 1978, claimant's low back claim was closed by a second determination order which awarded him temporary total disability but reduced his permanent partial disability award to 30 percent unscheduled low back disability. Claimant did not appeal that determination. Prior to that determination, claimant had been fully paid the earlier 60 percent award.

---

[1] ORS 656.222 provides:

"Should a further accident occur to a worker who is receiving compensation for a temporary disability, or who has been paid or awarded compensation for a permanent disability, his award of compensation for such further accident shall be made with regard to the combined effect of his injuries and his past receipt of money for such disabilities."

In March, 1979, claimant incurred a new back injury while working at Cascade. In April, 1979, a laminectomy and disc removal at L5-S1 were performed. In August, 1980, a referee awarded claimant compensation for permanent partial disability equal to 80 degrees for 25 percent unscheduled low back disability* for the 1979 injury.

Employer contends that the Board and referee erred in failing to apply ORS 656.222. Here, claimant received compensation equal to 60 percent unscheduled low back disability for the Parker's-related injuries, even though it was later determined that he was entitled to only 30 percent disability. Employer urges that claimant's receipt of a 60 percent award for a 30 percent disability should have precluded him from receiving the additional 25 percent permanent partial disability awarded for the injury in March, 1979, because the combined effect of the two injuries amounts to only 55 percent disability.

Employer appears to contend that ORS 656.222 requires a strict arithmetic offset between the compensation received for the initial injury and the compensation awarded for the subsequent injury. In *Hannan v. Good Samaritan Hosp.,* 4 Or App 178, 198, 471 P2d 831, 476 P2d 931 (1970), *rev den* (1971), we recognized that "[w]e are required to consider the previous disability award when determining the award for claimant's present disability." In *Green v. State Ind. Acc. Com.,* 197 Or 160, 251 P2d 437, 252 P2d 545 (1952), in affirming an award of permanent partial disability on facts similar to the present ones, the Supreme Court stated:

"* * * The Workmen's Compensation Law must always be given a liberal interpretation. It is just a coincidence that plaintiff's second injury involved the same part of his body as that injured in the first accident, and that fact can have no bearing upon plaintiff's right to compensation for the permanent injury actually suffered as the result of the second accident.* * *" 197 Or at 169.

Employer argues that *Green* no longer stands as reliable authority, because the Oregon Legislature had not then adopted mandatory vocational benefits as a means of obtaining temporary total disability. In 1953, unlike today, injured workers were given permanent partial disability to assist "in readjusting [themselves] so as to be able to again

follow a gainful occupation." *Green v. State Ind. Acc. Com.,* *supra,* 197 Or at 169. Even though the overall statutory scheme has changed since that time, ORS 656.222 has not changed. Similarly, the policy of liberally construing the workers' compensation law has not changed, and therefore we cannot conclude that ORS 656.222 requires a more strict arithmetic offset than the court construed it to have in *Green.*

■ Although ORS 656.222 requires that, when a worker has been paid compensation for a permanent disability his award of compensation for future accidents shall be made with regard to the combined effect of his injuries and his past receipt of money for such disabilities, we hold that in unscheduled permanent partial disability cases nothing in the statute requires that a strict arithmetic offset be made between compensation for the first injury and subsequent injuries. A strict offset is particularly inappropriate when the condition underlying the first injury has substantially improved and a work-related injury is then incurred that diminishes the claimant's future earning capacity.[2] Here, the Board impliedly affirmed the referee's finding that:

> " * * * Despite the large awards previously granted to claimant on account of the first injury, it would appear that the loss of future earning capacity has been substantially wiped away by the recovery process between the first injury and the second injury."

It is unclear from the referee's order whether the award to claimant of 25 percent low back disability was made "with regard to the combined effect of his injuries and his past receipt of money for such disabilities." ORS 656.222. The referee's order stated, in part:

> "(2) Claimant is awarded permanent partial disability compensation equal to 80 degrees for 25 percent unscheduled low back disability as a result of the March 20, 1979 injury (Ex. 87, Claim 79-0051; WCB 79-8024) without any offsetting on account of awards made on any other claims * * *."

---

[2] Such an approach is consistent with the policy expressed in ORS 656.214(5), mandating that the basis for rating a disability shall be the permanent loss of earning capacity "due to the compensable injury."

■ ■    The order can be read in at least two ways. First, it can be construed to mean that, in fact, the award was not made with regard to the past receipt of money for the initial injury. Second, it can be construed to mean that the referee considered the past awards and past injuries in making the award but decided that, considering that claimant had substantially recovered from the past injury and considering the effect of the present injuries on his future income-earning capacity, he was entitled to 25 percent unscheduled low back disability. If the first construction is correct, then the referee erred; but if the second version is correct, then the disability award was proper. Because we are unable to determine the basis of the Board's decision in affirming the referee, we remand to the Board for clarification.

Remanded to the Board with instructions to clarify whether the award of 25 percent unscheduled low back disability was made with regard to the combined effect of claimant's injuries and his past receipt of money for such disabilities.