Argued and submitted March 7, resubmitted In Banc August 3,
affirmed September 21, reconsideration denied November 4,
petition for review allowed November 22, 1983 (296 Or 120)
See 296 Or 772, 679 P2d 1361 (1984)

In the Matter of the Compensation of
Lawrence McLees, Claimant.

AMERICAN BUILDING MAINTENANCE,
*Petitioner,*

*v.*

McLEES,
*Respondent.*

(WCB No. 81-02113; CA A25521)

669 P2d 375

Ridgway K. Foley, Jr., Portland, argued the cause for petitioner. With him on the brief was Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Peter McSwain, Eugene, argued the cause for respondent. On the brief was David C. Force, Eugene.

WARDEN, J.

Rossman, J., dissenting.

## WARDEN, J.

In this workers' compensation case, we are asked to decide whether Oregon law requires a referee to consider a previous Veterans' Administration (VA) disability award when determining the amount of a later Oregon workers' compensation award for injury to the same portion of the body. Both the referee and the Board concluded that claimant's VA compensation should not be considered in calculating his disability award.

Claimant first injured his knee while playing basketball in the United States Marine Corps. He was discharged from the service with a 10 percent disability and subsequently underwent surgeries in 1974 and 1975. In November, 1977, as a result of its continuing yearly evaluations, the VA increased his disability award to a total of 20 percent. He reinjured his knee on April 6, 1977, while employed by petitioner. The Evaluation Division awarded 15 degrees for 10 percent loss of his right leg.

The findings of the Evaluation Division were reversed by the referee, who awarded 45 percent loss of the right leg equal to 67.5 degrees. The referee also held that claimant's VA compensation should not be considered in calculating his workers' compensation award. The Board affirmed the referee, holding that the term "compensation" found in ORS 656.222 is limited by ORS 656.005(9)[1] to benefits provided pursuant to Oregon Workers' Compensation Law.

This case presents a narrow question of statutory construction. ORS 656.222 provides:

"Should a further accident occur to a worker who is receiving compensation for a temporary disability, or who has been paid or awarded compensation for a permanent disability, his award of compensation for such further accident shall be made with regard to the combined effect of his injuries and his past receipt of money for such disabilities."

---

[1] ORS 656.005(9) provides:

" 'Compensation' includes all benefits, including medical services, provided for a compensable injury to a subject worker or the worker's beneficiaries by a direct responsibility employer or the State Accident Insurance Fund Corporation pursuant to this chapter."

The sole issue in this appeal is whether "compensation" as it is used in this statute includes benefits received from the VA.

In *Nesselrodt v. Compensation Department,* 248 Or 452, 435 P2d 315 (1967), the court applied ORS 656.222 to reduce an award of permanent partial disability of 100 percent loss of function of an arm by the percentage of permanent partial disability the claimant had been awarded previously for an earlier injury to the same arm. Both injuries were covered by Oregon's workers' compensation law. In *Nesselrodt,* the Supreme Court recognized that it had held in *Green v. State Ind. Acc. Com.,* 197 Or 160, 251 P2d 437, 252 P2d 545 (1953), that ORS 656.222 did not apply to unscheduled permanent partial disabilities.

In *Harris v. SAIF,* 55 Or App 158, 637 P2d 1292 (1981), this court, without reference to *Nesselrodt* or *Green,* purported to apply ORS 656.222 to successive unscheduled injuries, the earlier of which was compensated under California workers' compensation law.[2] *Harris* is doubtful authority in view of the Supreme Court's holding in *Green* that ORS 656.222 does not apply to successive unscheduled injuries, even when both are covered by Oregon workers' compensation statutes.

We are left with the conclusion that ORS 656.222 applies only to successive awards for disability for injuries to the same scheduled member — those enumerated in ORS 656.214(2) through (4) — when both awards are made pursuant to ORS ch 656, the Oregon Workers' Compensation law. Our reading of ORS 656.005(9) confirms that conclusion. Accordingly, we hold that "compensation" as that term is used in ORS 656.222, does not include disability benefits received from the VA.

Affirmed.

_____

[2] In *Harris* we said: "ORS 656.222 requires that the combined effect of claimant's prior injuries and his past award for *any* previous disability also be considered." 55 Or App at 161 (Emphasis supplied; footnote omitted.) It is not clear how we considered the claimant's California award; the record did not reveal what percentage of disability the California award represented, and we actually increased the award from the 40 percent ordered by the Board to 60 percent, as found by the referee.

**ROSSMAN, J.,** dissenting.

If we were deciding this case in a vacuum, I might well be able to agree with the majority's conclusion that ORS 656.222 does not provide for consideration of VA compensation in calculating a workers' compensation award. However, we are bound by our earlier decision in *Harris v. SAIF,* 55 Or App 158, 637 P2d 1292 (1981). The majority does not attempt to distinguish *Harris* but merely states that it "is doubtful authority in view of the Supreme Court's holding in *Green [v. State Ind. Acc. Comm.,* 197 Or 160, 251 P2d 437, 252 P2d 545 (1953)]." *Green* was decided in 1953, 24 years before this court's decision in *Harris.* The majority appears to assume that Chief Judge Joseph wrote *Harris* without giving due consideration to the established law. I cannot agree with their assumption, and I do not believe *Harris* is distinguishable from this case. There is no legislative, judicial or logical reason for distinguishing between federal awards for injuries and state awards for injuries. Accordingly, in this case, I would hold that a prior veteran's disability award should be given due consideration under ORS 656.222, when a claimant later seeks a workers' compensation award for injury to the same portion of the body.

Therefore, I must respectfully dissent.

Joseph, Chief Judge, and Buttler and Warren, Judges, join in this dissent.