Argued and submitted January 26, affirmed April 17, 1984

In the Matter of the Compensation
of Lawrence McLees, Claimant.

AMERICAN BUILDING MAINTENANCE,
*Petitioner on Review,*

*v.*

McLEES,
*Respondent on Review.*

(WCB 81-02113; CA A25521; SC S30082)

679 P2d 1361

Allan M. Muir, Portland, argued the cause for petitioner on review. With him on the brief were Ridgway K. Foley, Jr., P.C., Schwabe, Williamson, Wyatt, Moore & Roberts, and Paul R. Bocci, Portland.

Evohl F. Malagon, Eugene, argued the cause for respondent on review. On the brief was David C. Force, Eugene.

ROBERTS, J.

## ROBERTS, J.

We accepted review in this case to determine whether Oregon's workers' compensation law requires consideration of a previous Veterans' Administration (VA) disability award when determining the amount of a later Oregon workers' compensation award for injury to the same part of the body. The referee, Board and Court of Appeals all concluded that VA compensation should not be considered in calculating claimant's disability award. Four members of the Court of Appeals dissented. We affirm the Court of Appeals.

Claimant suffered a compensable injury to his right knee in 1977 when he slipped while working as a waxer for American Building Maintenance (ABM). He was awarded 67.5 degrees, which is 45 percent, scheduled permanent partial disability. ORS 656.214(2)(c).[1] Prior to this injury he had not received any awards of compensation through the Oregon workers' compensation system or through the workers' compensation system of any other state. He had, however, previously injured his knee while in the military service and had received a disability award from the VA for the original injury and subsequent aggravations.

ORS 656.222 provides:

"Should a further accident occur to a worker who is receiving compensation for a temporary disability, or who has been paid or awarded compensation for a permanent disability, his award of compensation for such further accident shall be made with regard to the combined effect of his injuries and his past receipt of money for such disabilities."

We have addressed this provision in three previous cases. In all these cases the first compensation was awarded under the Oregon workers' compensation law and we had to decide whether the statute required that compensation from this source should reduce a subsequent award. In *Cain v. State Ind. Acc. Comm.,* 149 Or 29, 37 P2d 353 (1934) and *Green v. State Ind. Acc. Comm.,* 197 Or 160, 251 P2d 437, 252 P2d 545 (1953), we held that the statute did not require reduction of an

---

[1] Scheduled disabilities are those described in ORS 656.214(2) through (4); unscheduled disabilities are all others. The criteria for rating unscheduled disabilities is set forth in ORS 656.214(5).

unscheduled disability award when a worker sought compensation for injury to the same part of the body for which he previously had been compensated. In *Nesselrodt v. Compensation Department,* 248 Or 452, 435 P2d 315 (1967) we reduced an award for a scheduled disability by the percentage of Oregon compensation benefits received for a prior injury to the same part of the body. We distinguished *Green* and *Cain* from *Nesselrodt* because they involved unscheduled disabilities.

In the instant case, prior benefits came from another source of compensation, the Veterans' Administration. We must decide for the first time whether benefits from another compensation system must be considered in an award for disability for a subsequent injury to the same part of the body.

ORS 656.005(9) provides:

" 'Compensation' includes all benefits, including medical services, provided for a compensable injury to a subject worker or the worker's beneficiaries by a direct responsibility employer or the State Accident Insurance Fund Corporation pursuant to this chapter."

A majority of the Court of Appeals held that the "compensation" by which a subsequent award must be reduced included only benefits received pursuant to Chapter 656, the Oregon workers' compensation law, and excluded the VA benefits at issue in this case. The four dissenters would decide this case under *Harris v. SAIF,* 55 Or App 158, 637 P2d 1292 (1981).[2]

In *Harris* the issue was the extent of an unscheduled disability for a low back injury. The claimant had a prior disability award from California. The Board reduced the referee's award because it considered the referee's award "excessive for the residual effects of [the California injury] and its relationship to claimant's loss of wage earning capacity." The Court of Appeals reinstated the larger award because it found that while claimant's earning capacity may have been somewhat diminished after the California injury, he had, nonetheless, returned to the type of job in which he was most experienced and upon which his pre-injury earnings were calculated. Prior to making this determination, however, the

---

[2] No review was sought in *Harris v. SAIF,* 55 Or App 158, 637 P2d 1292 (1981).

Court of Appeals cited ORS 656.222 and said that the statute requires consideration of the combined effect of claimant's prior injuries and his past award from the California compensation system for any previous disability.

We agree with a majority of the Court of Appeals that *Harris* is doubtful authority. *Harris* did not cite *Green* or *Nesselrodt.* Nor did *Harris* consider whether sources of compensation other than our own state workers' compensation system were properly within the contemplation of ORS 656.222. It merely assumed that benefits from a source other than Oregon's workers' compensation system, in that case another state's compensation system, should be considered in a subsequent award. This conclusion was error.

ORS 656.222 refers to "compensation," a word defined at ORS 656.005(9) as "* * * benefits * * * provided * * * to a subject worker * * * pursuant to this chapter." At oral argument counsel for ABM put forth a position not previously presented in the briefs. ABM points out that the definition section of the workers' compensation statutes, ORS 656.005, uses different words in introducing the various definitions. In most instances the statute employs the words "mean" or "means" before defining the words; in three instances the word "is" is used; in three instances the word "includes" is used. The three terms that are followed by the word "includes" are "child," ORS 656.005(6), "person," ORS 656.005(21) and "compensation," ORS 656.005(9).

ABM points out that in both the statute defining "child" and the statute defining "person," the most obvious and universally accepted definition is omitted, *i.e.,* in ORS 656.005(6) a natural born child of the worker is not included, and in ORS 656.005(21) a natural person is not included. The definitions do, in fact, include those omitted individuals. ABM argues from this that, because the word "includes" is also used to define "compensation," that definition is not complete just as the definitions of "child" and "person" are not complete. Therefore, compensation means something more than "* * * all benefits * * * provided * * * to a subject worker * * * pursuant to this chapter." ABM maintains that the use of the word "includes" indicates there are other benefits which a worker may receive that should be considered

compensation within this statute, and that VA benefits are among them. We cannot accept ABM's argument.

First, the terms "child" and "person" are generic terms recognized to have a common, discrete meaning. Those terms so obviously mean a natural born child and a natural person that if there was an intent to exclude that meaning the statute would have to state it specifically. The inclusion of those persons within the respective definitions is self-evident and the statute need only address the less obvious inclusions. The word "compensation" has no comparable common meaning. The word standing alone does not convey a meaning that would be unquestioned in all circumstances. As used in ORS chapter 656, "compensation" is a term of art, a word with a meaning peculiar to the workers' compensation laws.

Second, we conclude the word "includes" as it relates to compensation is intended to explain the term "all benefits" which follows the word "includes." The word does not mean "in addition to" as it does in the definition of child, ORS 656.005(6), and person, ORS 656.005(21); it is intended to describe the range of benefits within the meaning of the term "compensation."

Under ORS 656.005(9) "compensation" means benefits for a compensable injury as well as benefits payable to particular individuals. The statute uses the words "subject worker." We interpret this to mean a worker who is subject to the provisions of the Oregon workers' compensation laws and who is to be paid by a direct responsibility employer or the State Accident Insurance Fund Corporation pursuant to the Oregon workers' compensation laws.

Applying this interpretation to ORS 656.222, we conclude, and now hold, that the provisions of this statute requiring that an award of compensation for a subsequent disability shall be made with regard to the combined effect of his injuries and his past receipt of money for such disabilities refers only to previous compensation paid a worker under the Oregon workers' compensation system.

This holding is not inconsistent with the fact that the legislature has demonstrated that when it chooses to require the consideration of other sources of compensation, it does so specifically. ORS 656.209, for example, provides for an offset

for permanent total disability awards when a worker is also receiving Social Security benefits. The legislature has not chosen to enact a similar provision respecting veterans' disability awards or awards made under other states' compensation systems.

For these reasons we affirm the Court of Appeals.