Argued and submitted November 14, 1984, affirmed as modified April 17, reconsideration denied June 7, petition for review denied July 9, 1985 (299 Or 443)

In the Matter of the Compensation of
James W. Thomason, Claimant.

THOMASON,
*Petitioner,*

*v.*

SAIF CORPORATION et al,
*Respondents.*

(79-05982; CA A32255)

698 P2d 507

A. Duane Pinkerton, II, Burns, argued the cause for petitioner. With him on the brief were Cramer & Pinkerton, Burns.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondent SAIF Corporation. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

No appearance by respondent Blue Mt. TV Cable Co.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

### NEWMAN, J.

Claimant seeks review of an order of the Workers' Compensation Board that awarded him 40 percent unscheduled permanent partial disability for his 1977 compensable injury.[1] *See* ORS 656.214(5). Claimant assigns as errors that the Board reduced the referee's award from 60 percent to 40 percent and in so doing misapplied ORS 656.222. We modify the order to award claimant 50 percent unscheduled permanent partial disability and affirm the order as modified.

Claimant, age 45, fell from a ladder on November 1, 1977, while employed as a television lineman, a job he had held for more than 18 years. He suffered a cervical-dorsal sprain (an "unscheduled" injury) and related pain. In 1970, claimant had suffered a similar compensable injury. Initially he had received 10 percent unscheduled permanent partial disability for the 1970 injury. A determination order in July, 1976, increased that award to 20 percent.

From 1977 to 1981, claimant held several jobs, but his physical condition forced him to give them up. During each of the following two years, claimant did light-to-moderate full-time work nine months of the year for the Forest Service as a warehouse maintenance supervisor.[2] He had to bid for the Forest Service job each year. He testified that he did less physical labor than the job description required and that for approximately ten days each month he felt no pain, but that on the other days he was on medication and had to go home from work on four or five days each month because of pain. The job did not require him to work during the three winter months. He testified that he would not have been able to handle the job then because of more arduous winter responsibilities, such as snow removal.

OAR 436-65-600 to 608 are guidelines for the Workers' Compensation Division to rate the extent of a claimant's

---

[1] A July, 1978, determination order gave claimant 15 percent unscheduled disability. He filed a request for hearing on July 12, 1979, but the hearing was not held until April 5, 1983. The parties had agreed to await the outcome of claimant's third-party action.

[2] The record does not show where claimant has worked since 1983.

unscheduled permanent disability, based on arithmetic values assigned to factors of impairment, age, education, work experience, adaptability, intelligence, psychological condition and labor market. Although the referee and Board considered the guidelines, the referee did not assign any specific value to any factor and the Board only assigned a specific value, 15 percent, to "impairment."[3] Consequently, the record does not disclose precisely how the referee and the Board determined the extent of claimant's permanent partial disability from the 1977 injury.

■ On our *de novo* review, we use the guidelines "only when the record discloses the manner in which the Board used them, and then only to the extent their intrinsic persuasiveness assists us in performing our independent assessment function." *Fraijo v. Fred N. Bay News Co.,* 59 Or App 260, 269, 650 P2d 1019 (1982); *accord Harwell v. Argonaut Insurance Co.,* 296 Or 505, 510, 678 P2d 1202 (1984); *see also* ORS 656.214(5); ORS 656.298(6). We conclude that 70 percent is the total extent of claimant's injury-related permanent disability *after* the 1977 injury.[4]

■■ Under ORS 656.214(5), the award of compensation for claimant's unscheduled permanent partial disability "due to the [1977] compensable injury" is "determined by the extent of the disability compared to the worker before such injury and without such disability." The award of disability to claimant for his 1970 injury does not necessarily show the level of his disability just before the 1977 injury. In determining the amount of the disability award for the 1977 injury, ORS 656.222 requires *consideration* of the prior related injury

---

[3] The Board stated:

"Based on the Orthopedic Consultants' finding that claimant's impairment related to his 1970 injury was mild, we find that claimant's impairment relating to his neck was 15% prior to his 1977 injury. We further find that claimant's total impairment following his 1977 injury is 30%. Therefore, we find that claimant's impairment resulting from the 1977 injury is 15%."

[4] The Board misapplied the guideline on "impairment," *see* OAR 436-65-600(2), when it assigned a value to "impairment" (15 percent) after the 1977 injury which was the difference between claimant's "impairment" after (30 percent) and before (15 percent) that injury. The effect of this error was to count "impairment" before the 1977 injury twice—once in determining the extent of disability from the 1970 injury and again in determining the extent of disability from the 1977 injury.

and the prior disability award, but does not require a mechanical offset. *Green v. State Ind. Acc. Com.,* 197 Or 160, 251 P2d 437, 252 P2d 545 (1952).[5]

■ We conclude that the extent of claimant's unscheduled permanent partial disability immediately *before* the 1977 injury was 20 percent. The 1976 determination order fixed the extent of his unscheduled disability from the 1970 injury at that amount. Neither the parties, the referee nor the Board assert, and the evidence does not show, that the amount just before the 1977 injury was otherwise. We are not bound to an arithmetical calculation, but we conclude that claimant suffered a 50 percent permanent loss of earning capacity due to the 1977 compensable injury and that 50 percent unscheduled permanent partial disability for the 1977 injury is an appropriate award. ORS 656.214(5), ORS 656.222.

■ Claimant also assigns as error that the Board misapplied ORS 656.222 because, he asserts, that statute does not apply to cases of unscheduled permanent partial disability. We disagree. *See* page 3 and n 5, *supra; see also Cain v. State Ind. Acc. Comm.,* 149 Or 29, 42, 37 P2d 353, 359 (1934); *see generally American Bldg. Maint. v. McLees,* 296 Or 772, 774, 679 P2d 1361 (1984); *Nesselrodt v. Compensation Department,* 248 Or 452, 455, 435 P2d 315 (1967).

Order modified to award 160 degrees for 50 percent

---

[5] ORS 656.222 provides that the award for the last injury shall be made "with regard to the combined effect of his injuries and his past receipt of money for such injuries." *Green v. State Ind. Acc. Com., supra,* held that ORS 656.222 does not require a strict arithmetical offset of the amount of a prior award of disability. The court concluded, quoting from the trial court's opinion:

" 'It appearing to the Court from the stipulation of counsel for the respective parties that a qualified medical expert if called would testify that *with regard to the combined effect of plaintiff's disabilities sustained in the accident of August 18, 1949 and his disabilities sustained in his accident of 1943 and his past receipt of money for such disabilities the plaintiff as the proximate result of the further accidental injury to his back on August 19, 1949 is suffering a permanent partial disability equivalent to 50 per cent* loss of function of an arm, or 66 degrees. It follows from the conclusions reached by the Court with respect to the law as hereinabove expressed that plaintiff is entitled to an award of 66 degrees in the within action.' " 197 Or at 168. (Emphasis supplied.)

*See also Cascade Steel Rolling Mills v. Madril,* 62 Or App 598, 661 P2d 564, *rev den* 295 Or 541 (1983); *Cascade Steel Rolling Mills v. Madril,* 57 Or App 398, 644 P2d 655 (1982); OAR 436-65-800(2).

unscheduled permanent partial disability for the 1977 injury; affirmed as modified.