In the Matter of the Compensation of
Fred J. Duckett, Claimant.
CITY OF PORTLAND,
*Petitioner,*

*v.*

Fred J. DUCKETT,
*Respondent.*
(WCB 87-15729; CA A62930)
801 P2d 847

David L. Jorling, Deputy City Attorney, Portland, argued the cause and filed the brief for petitioner.

Frank J. Susak, Portland, filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Employer seeks review of an order of the Workers' Compensation Board. The only issue is whether, under ORS 656.222, employer should be allowed to subtract from the permanent disability award in the present case the amount of a permanent disability award already paid to claimant for a previous injury to the same body part. The Board said that employer was not entitled to an offset. We affirm.

Claimant compensably injured his left knee in 1984 and was awarded 15 percent scheduled permanent disability. In 1986, he injured his left leg and back. That injury resulted in an award for 17 percent scheduled permanent disability for his left leg. The Board found credible claimant's testimony that he had recovered completely from the 1984 injury before 1986. The Board's findings also noted that none of claimant's treating physicians mentioned the previous injury when discussing the present degree of disability in his left knee.

Employer argues that ORS 656.222 requires that the 1984 award for 15 percent scheduled permanent disability be subtracted from the 1986 award in order to avoid a double payment. Claimant argues that, because he had completely recovered from the 1984 injury, the 1986 accident was in fact responsible for the full 17 percent disability to his left leg and he should, therefore, receive the entire amount with no offset. ORS 656.222 provides:

> "Should a further accident occur to a worker who is receiving compensation for a temporary disability, or who has been paid or awarded compensation for a permanent disability, the award of compensation for such further accident shall be made with regard to the combined effect of the injuries of the worker and past receipt of money for such disabilities."

The statute was interpreted in *Norby v. SAIF,* 303 Or 536, 540, 738 P2d 974 (1987), to require "that any payments made or compensation for permanent disability awarded shall be counted in an award for a later accident." That reasoning comes from *Nesselrodt v. Compensation Department,* 248 Or 452, 435 P2d 315 (1967), where the court reduced an award for a scheduled disability by the amount of a previous award for a scheduled disability of the same body part. The rule is limited to subsequent awards for *scheduled* disability. *See American Bldg. Maint. v. McLees,* 296 Or 772, 774-75, 679 P2d 1361

(1984); *Nesselrodt v. Compensation Department, supra,* 248 Or at 455.

Were it not for the fact that claimant had completely recovered from the 1984 injury before the 1986 injury, this case would be controlled by the rule in *Nesselrodt,* and claimant's award for the 1986 injury would be offset by the award for the 1984 injury to the same scheduled body part. The statute, however, requires consideration of the "combined effect" of the previous and present injury. Claimant established that there is in fact no combined effect, because he had completely recovered from the previous injury. His recovery for the 1986 injury should not be reduced simply because he had recovered from what was thought at the time of the previous award to be a permanent disability. Had his left leg still been partially disabled at the time of the second accident, the combined effects of his injuries might have been greater than 17 percent disability. ORS 656.222 would then apply to reduce his award for the second accident. The Board did not err.

Affirmed.