Argued and submitted April 17, affirmed July 31, 1996

In the Matter of the Compensation of
Bill R. Offill, Claimant.

Bill R. OFFILL,
*Petitioner,*

*v.*

GREENBERRY TANK AND IRON COMPANY
and Liberty Northwest Insurance Corporation,
*Respondents.*

(WCB No. 94-01628; CA A88433)

921 P2d 1342

Robert Wollheim argued the cause for petitioner. With him on the brief were Welch, Bruun, Green & Wollheim, James C. Egan and Emmons, Kropp, Kryger, et al.

Alexander D. Libmann argued the cause and filed the brief for respondents.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

■      Claimant seeks review of an order of the Workers' Compensation Board that reduced his award of unscheduled permanent partial disability pursuant to OAR 436-35-007(3)(b). The rule provides, in part:

"A worker is not entitled to be doubly compensated for a permanent loss of earning capacity in an unscheduled body part which would have resulted from the current injury but which had already been produced by a prior injury and had been compensated by a prior award. Only that portion of such lost earning capacity which was not present prior to the current injury shall be awarded. The following factors shall be considered when determining the extent of the current disability award:

"(A)   The worker's total loss of earning capacity for the current disability under the standards;

"(B)   The conditions or findings of impairment from the prior award which were still present just prior to the current claim;

"(C)   The worker's social-vocational factors which were still present just prior to the current claim; and

"(D)   The extent to which the current loss of earning capacity includes impairment and social-vocational factors which existed before the current injury."

Claimant suffered an injury to the back and neck in 1986, for which he received compensation for 25 percent unscheduled permanent disability. Following that injury, claimant was restricted from heavy labor. The administrative law judge (ALJ) in this proceeding found that the restriction was the basis for the 25 percent award, and that determination is not challenged on review. In March 1993, claimant suffered the low back injury that gives rise to the presently disputed permanent disability award. The parties agree that claimant's permanent disability under present disability standards is 18 percent. Insurer contended that the award should be reduced pursuant to OAR 436-35-007(3)(b) in the light of the prior 25 percent award for the 1986 injury.

The ALJ found that claimant had made a full recovery from the 1986 injury and did not authorize an adjustment. The Board adopted all of the ALJ's findings; however, in the "Conclusions of Law and Opinion" portion of its order, it also said:

> "[T]he Referee concluded that claimant's 1986 low back injury was no longer disabling at the time of his 1993 injury (*i.e.*, claimant made a full recovery from the impairment condition rated for disability in the 1986 claim). Thus, the Referee concluded that claimant's current extent of disability in his low back was completely attributable to the 1993 injury. We disagree.

> "Following the 1986 injury, Dr. Tiley restricted claimant from heavy work. There is no indication that the 'heavy labor' restriction was ever removed. However, at the time of the March 1993 injury, claimant was again performing heavy work. Subsequent to the 1993 injury, claimant's treating physician, Dr. Lax (neurological surgeon), permanently restricted claimant from heavy labor.

> "Despite being restricted from heavy work following the 1986 injury, claimant was again performing heavy work at the time of his 1993 injury. Inasmuch as there is no evidence that the earlier restriction against performing heavy labor had been removed, we find that claimant's current restriction from heavy work was previously considered and compensated by the 1986 permanent disability award."

Thus, despite its general adoption of the ALJ's findings, the Board expressly rejected the ALJ's determination that the disability caused by claimant's first injury had resolved before his second injury. The Board's finding is supported by substantial evidence.

■     The Board also considered and rejected claimant's contention that OAR 436-35-007(3)(b) is inconsistent with ORS 656.222, as we have interpreted that statute in *City of Portland v. Duckett*, 104 Or App 318, 801 P2d 847 (1990), *rev den* 311 Or 187 (1991), because it authorizes offsets in cases involving unscheduled disability. It held that the administrative rule authorized an offset for the previous unscheduled permanent disability award that claimant had received for his low back.

ORS 656.222 provides, in part:

"Should a further accident occur to a worker who is receiving compensation for a temporary disability, or who has been paid or awarded compensation for a permanent disability, the award of compensation for such further accident shall be made with regard to the combined effect of the injuries of the worker and past receipt of money for such disabilities."

The statute and the administrative rule are not facially inconsistent. The statute deals with all awards of compensation made to a worker who is receiving or who has received compensation for disability. With respect to a subsequent award, the statute requires consideration of the "combined effect" of the worker's injuries and the past receipt of money for those disabilities and does not restrict its application to scheduled injuries. The administrative rule expressly addresses unscheduled permanent disability only and requires that the second or subsequent award not compensate for disability that, although it could have been caused by the second injury, was in fact caused by the first injury and for which the worker has already received compensation.

Despite the absence of any facial inconsistency between the rule and the statute, claimant asserts that in *Duckett*, we limited the application of the statute to injuries involving scheduled disability, and that the rule therefore exceeds the scope of the statute. In *Duckett*, we affirmed a Board order holding that ORS 656.222 did not permit an adjustment of a second award for scheduled disability, because, before the second injury, the claimant had fully recovered from a first injury to a scheduled body part and there was no "combined effect" of the previous and the current injury, as required by the statute. Citing *American Bldg. Maint. v. McLees*, 296 Or 772, 679 P2d 1361 (1984); *Nesselrodt v. Compensation Department*, 248 Or 452, 435 P2d 315 (1967), and *Cain v. State Ind. Acc. Comm.*, 149 Or 29, 37 P2d 353 (1934), we noted in *dictum* that the statute applies *only* to cases involving scheduled disability.

Before *Duckett*, in *Thomason v. SAIF*, 73 Or App 319, 698 P2d 507 (1984), *rev den* 299 Or 443 (1985), we were faced squarely with the question of whether ORS 656.222

applies to cases involving unscheduled disability. Referring to the same Supreme Court opinions that we later cited in *Duckett*, we held in *Thomason* that ORS 656.222 is applicable in the context of injuries causing *unscheduled* disability. Our *dictum* in *Duckett* is inconsistent with our earlier holding in *Thomason*. We are persuaded, after once again reviewing the pertinent Supreme Court opinions, that we were correct in *Thomason*, and that our *dictum* in *Duckett* was, thus, incorrect.

In *American Bldg. Maint.*, the question was whether ORS 656.222 required an adjustment of a workers' compensation award for a previous Veterans' Administration disability award. The court held that the statute applies only in the context of previous compensation paid to the worker under the workers' compensation system. The court noted that in *Cain* and *Green v. State Ind. Acc. Comm.*, 197 Or 160, 251 P2d 437, 252 P2d 545 (1953), both of which had involved unscheduled disability awards, it had held that the statute did not require a reduction. *American Bldg. Maint.*, 296 Or at 775. The court noted further that in *Nesselrodt*, which had involved a scheduled injury, the statute had been applied and that *Cain* and *Green* had been distinguished on the ground that they had involved unscheduled awards.

In *Cain*, the worker had suffered two unscheduled injuries to the back. The court reasoned that the version of ORS 656.222 then in existence was inapplicable and did not require an adjustment to the claimant's second award, because the first award had been paid out in full and there would be no *doubling of payments* for the claimant to receive the full second award for disability *actually caused by the second injury*. The court construed the provision to apply only in the context of "injuries for which the workman is still receiving compensation, or for which lump sum payment has been made which, if divided into monthly installments, would still be in process of payment to him at the time of 'further injury.'" *Cain*, 149 Or at 41. The court understood the statute as a limitation on *double payments* but not a restriction on a worker's entitlement to the full award for disability caused by the second injury. *Id.* at 42. The court attached no special significance to the fact that the award in that case was for an

unscheduled disability. Implicitly, the court's holding would have applied as well in the context of a scheduled disability.

In *Green*, the two injuries the claimant had suffered involved unscheduled disability to the back. For his first injury, the worker had received the maximum award available for an injury of that type, the equivalent of 100 percent loss of use of the arm. The parties agreed that as a result of his second injury the worker had sustained an additional disability equal to 50 percent loss of function of the arm. The employer took the position, however, that under the then-existing version of the unscheduled permanent partial disability statute, OCLA Section 102-1760, and the then-existing version of ORS 656.222 the award of an injured worker suffering unscheduled disabilities from more than one injury to the same body part should not exceed the maximum recovery provided for unscheduled permanent partial disabilities in one accident. In other words, the worker should not be allowed to receive more than a total of 100 percent loss of use of the arm for his multiple back injuries. The Supreme Court rejected that view and adopted the opinion of the trial judge, holding that the claimant was entitled to be fully compensated for disability "actually suffered as a result of the second accident" without regard for the previous award. *Green*, 197 Or at 169.

As we understand the court's opinions in *Green* and *Cain*, they have interpreted the workers' compensation statutes so as to require a full recovery of benefits for disability actually caused by a subsequent injury but to avoid a double recovery of benefits for the same disability that was actually caused by earlier injuries. The rule applies with equal effect in the context of both scheduled and unscheduled disabilities. The fact that *Green* and *Cain* involved unscheduled disabilities is only coincidental to their holdings.

In *Nesselrodt*, the court applied ORS 656.222 to require an offset. *Nesselrodt* is distinguishable from *Green* and *Cain* because it involved a scheduled disability, but the distinction is of minimal significance. As we have noted, the bases for the holdings in *Green* and *Cain* related only coincidentally to the fact that the injuries caused unscheduled disabilities. In *Nesselrodt*, the factual discussion is brief, but it

must be assumed that the second award would have covered disability for which the worker had previously received benefits. As we read *Green* and *Cain*, both would have authorized an offset in that circumstance, even in the context of unscheduled disability.

In sum, *Cain*, *Green* and *Nesselrodt*, do not hold that ORS 656.222 is inapplicable to cases involving unscheduled disability, contrary to any suggestion in *American Bldg. Maint.* We decided *Thomason* in 1985. The Supreme Court then decided *Norby v. SAIF*, 303 Or 536, 738 P2d 974 (1987), which implicitly assumes that ORS 656.222 applies in the context of injuries involving unscheduled disability. We then decided *Duckett*, not citing *Thomason*.

We are satisfied, after reviewing the Supreme Court's opinions, that that court has never limited the application of ORS 656.222 to cases involving scheduled disabilities, and that their opinions cannot be read to require such a limitation. We were wrong in suggesting to the contrary in *Duckett*. Accordingly, we reject claimant's contention that ORS 656.222 is limited to scheduled injuries and that OAR 436-35-007(3), which expressly requires an offset in the context of unscheduled awards, is inconsistent with the statute. We hold that the Board did not err in applying the rule to this case, where the evidence supports the Board's finding that the unscheduled permanent disability for which claimant received his first award had not resolved at the time of the second injury.

Affirmed.