Argued and submitted January 21, affirmed April 13, reconsideration denied May 27, petition for review denied June 29, 1983 (295 Or 259)

In the Matter of the Compensation of
Louis Twist, Claimant.
TEKTRONIX CORPORATION,
*Petitioner,*
*v.*
TWIST,
*Respondent.*

(80-07811; CA A24401)

661 P2d 562

David O. Horne, Beaverton, argued the cause and filed the brief for petitioner.

Robert K. Udziela, Portland, argued the cause for respondent. With him on the brief was Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Employer appeals from an order on reconsideration of the Workers' Compensation Board that remanded claimant's aggravation claim for acceptance and payment of benefits. The issues are the jurisdiction of this court to consider employer's appeal and compensability. We affirm.

In 1977, claimant sustained a compensable back injury, which was processed to closure by determination order. In 1980, he filed an aggravation claim. Employer denied the claim, and a referee sustained that denial. On January 26, 1982, the Board reversed the referee and remanded the claim to the carrier for acceptance. On February 5, 1982, employer petitioned the Board for reconsideration. Claimant moved to dismiss on the ground that the Board lacked authority to reconsider. He contended that there was no authority for the Board to reconsider its order on review and that the only way employer could contest that order was to petition for review in this court. ORS 656.298.

On February 8, 1982, the Board "abated"[1] its January 26 order, and on March 31 it issued its order on reconsideration, which is the subject of this appeal. In that order, the Board readopted and republished its January 26 order on review.

■  Claimant moves to dismiss the appeal, contending that we lack jurisdiction because the Board had no authority to enter its order on reconsideration and, therefore, that order is a nullity. The Board specifically rejected that contention, reasoning:

" * * * [C]laimant challenges our authority to reconsider an Order on Review as we have done in this case. Claimant argues that the sole remedy of a party dissatisfied by an Order on Review is to appeal to the Court of Appeals. We disagree with claimant's argument. ORS 183.482(6) permits an agency to withdraw an order for reconsideration even after an appeal is filed in the Court of Appeals. While ORS 183.315(1) states that certain parts of ORS Chapter

---

[1] Claimant has not specifically challenged the Board's power to "abate" its order on review pending reconsideration. He only contests the Board's authority to reconsider its order.

183 do not apply to this Board, ORS 183.482(6) is not one of the sections enumerated as inapplicable. If we can reconsider an order even after an appeal to the Court of Appeals, it is even more obvious that we can reconsider an order before an appeal to the Court of Appeals is filed."

We agree.

■ On the merits, no useful purpose will be served by reciting the medical evidence. *See Bowman v. Oregon Transfer Co.,* 33 Or App 241, 576 P2d 27 (1978). On *de novo* review, we agree with the Board that claimant's condition worsened since the last arrangement of compensation and that his 1980 aggravation claim should have been accepted.

Affirmed.