Submitted on record, briefs and supplemental memoranda December 17, 1982, affirmed April 13, reconsideration denied July 22, petition for review denied August 16, 1983 (295 Or 541)

In the Matter of the Compensation of
Ralph S. Madril, Claimant.
CASCADE STEEL ROLLING MILLS,
*Petitioner,*
*v.*
MADRIL,
*Respondent.*

(78-05798, 79-08024; CA A25670)

661 P2d 564

Dennis R. VavRosky, Portland, filed petitioner's supplemental memorandum. With him on the memorandum was Rankin, McMurry, VavRosky and Doherty, Portland.

Quintin B. Estell, Salem, filed respondent's memorandum.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman,* Judges.

VAN HOOMISSEN, J.

---

* Newman, J., *vice* Joseph, C. J.

## VAN HOOMISSEN, J.

Employer appeals from an order of the Workers' Compensation Board on remand. It contends that the Board erred in not considering the combined effect of claimant's prior injuries and his past receipt of compensation for those injuries in making its award.

In a prior appeal in this case, we recognized that ORS 656.222 requires that, when a worker has been paid compensation for a permanent disability, his award of compensation for future accidents must be made with regard to the combined effect of his injuries and his past receipt of money for such disabilities.[1] *Cascade Steel Rolling Mills v. Madril,* 57 Or App 398, 402, 644 P2d 655 (1982). Because we were unable to determine the basis of the Board's order on review, we remanded to the Board with instructions that it clarify whether its award was made in accordance with ORS 656.222.

On remand, the Board apparently decided to take us at our literal word. The Board's order on remand states:

"The answer is: The Board's award of 25 percent unscheduled low back disability was *not* made with regard to the combined effect of claimant's injuries and his past receipt of money for such disabilities."

In view of that statement, we are at a loss to understand why the Board declined the opportunity to review the record and to reexamine the award. This case is before us again on *de novo* review.

■ We initially discard employer's contention that it is entitled to an offset against claimant's previous injury due to an overpayment. OAR 436-54-320 provides:

"Insurers and self-insured employers may recover overpayment of benefits paid to a worker on an accepted claim from benefits which are or may become payable on *that* claim. * * *" (Emphasis supplied.)

---

[1] ORS 656.222 provides:

"Should a further accident occur to a worker who is receiving compensation for a temporary disability, or who has been paid or awarded compensation for a permanent disability, his award of compensation for such further incident shall be made with regard to the combined effect of his injuries and his past receipt of money for such disabilities."

The previous overpayments which employer attempts to recover were made by a different insurer on a *prior* claim. Employer is not entitled to an offset in this claim.

■ On the merits, and without indulging in a lengthy recitation of the medical evidence, *see Bowman v. Oregon Transfer Co.,* 33 Or App 241, 576 P2d 27 (1978), we find that after the first award claimant had recovered significantly from the effects of his earlier injuries. We conclude that the Board's award of 25 percent (80 degrees) permanent partial disability appropriately compensates him for the new or additional disability that resulted from the latest injury and that was not compensated for by the first award. *See Cascade Steel Rolling Mills, supra,* 57 Or App at 402; *Green v. State Ind. Acc. Com.,* 197 Or 160, 251 P2d 437, 252 P2d 545 (1953).

Affirmed.