Argued and submitted May 13, remanded to referee to take additional evidence November 20, 1985

In the Matter of the Compensation of
Erma L. Parmer, Claimant.

## PARMER,
*Petitioner,*

*v.*

## PLAID PANTRY #54 et al,
*Respondents.*

(82-05555; CA A33092)

709 P2d 743

Robert K. Udziela, Portland, argued the cause for petitioner. With him on the brief was Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

David Horne, Beaverton, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Claimant seeks review of an order on reconsideration[1] of the Workers' Compensation Board affirming the referee's decision that the insurer is not responsible under ORS 656.245(1)[2] for paying for claimant's surgery. The issue is whether the Board should have remanded the case to the referee for taking further evidence under ORS 656.295(5).[3] We reverse and remand to the referee.

Claimant first injured her back in 1968, and in 1969 she underwent a partial laminectomy and a discectomy at L5-S1 on the left side. Apparently, the injury was not work-related. Over the years, several doctors treated her on many occasions for back, hip and leg pain. Initially, the pain was on her left side, but later she developed pain on her right side as well. In late 1981, she sustained a compensable low back injury while working for employer, and she began to experience low back and left leg pain. Dr. Berselli, an orthopedic surgeon, began treating her in early 1982. He diagnosed a herniated disc at L5-S1 and recommended surgery. He so informed the insurer and stated that the 1981 injury was responsible for claimant's condition. Dr. Silver agreed with Berselli's recommendation for surgery. At the insurer's request, Dr. Rosenbaum examined claimant. He ultimately stated that surgery was not advisable, because there was no objective evidence of any change in claimant's underlying condition and because of

---

[1] The order on reconsideration is appealable to this court under ORS 656.298(1) and *Tektronix Corp. v. Twist,* 62 Or App 602, 661 P2d 562, *rev den* 295 Or 259 (1983).

[2] ORS 656.245(1) provides:

"For every compensable injury, the insurer or the self-insured employer shall cause to be provided medical services for conditions resulting from the injury for such period as the nature of the injury or the process of the recovery requires, including such medical services as may be required after a determination of permanent disability. Such medical services shall include medical, surgical, hospital, nursing, ambulances and other related services, and drugs, medicine, crutches and prosthetic appliances, braces and supports and where necessary, physical restorative services. The duty to provide such medical services continues for the life of the worker."

[3] ORS 656.295(5) provides:

"The review by the board shall be based upon the record submitted to it under subsection (3) of this section and such oral or written argument as it may receive. However, if the board determines that a case has been improperly, incompletely or otherwise insufficiently developed or heard by the referee, it may remand the case to the referee for further evidence taking, correction or other necessary action."

her history of chronic pain. He also stated that her symptoms were not clearly attributable to the 1981 injury. The insurer subsequently denied claimant's request for authorization for surgery, and claimant requested a hearing on the denial.

At the hearing, Drs. Berselli, Rosenbaum and Bachhuber testified. Bachhuber was claimant's treating physician from the time of her 1969 surgery up to 1977, and he treated her once for back pain in 1980. Bachhuber and Rosenbaum testified that claimant should not undergo surgery, because there were no objective signs of any change in her condition. Neither would advise surgery based on her subjective complaints alone. Berselli essentially admitted that he had not reviewed claimant's entire medical file and that the history claimant had given him was inaccurate. He conceded that the 1981 injury had not caused a large herniated disc, but he maintained that it was possible that it had caused bleeding around the scar tissue surrounding the site of the 1969 surgery, additional scarring or a small disc herniation. He also stated that the 1981 injury was a material contributing cause of claimant's present condition.

The referee affirmed the insurer's denial. He found the testimony of Rosenbaum and Bachhuber more persuasive than that of Berselli and decided that the proposed surgery was not reasonable or necessary. He did not reach the causation issue. On review, the Board affirmed the insurer's denial but for a reason different from that of the referee. It found that the surgery was reasonable and necessary but that claimant had not proven that the need for surgery resulted from the 1981 injury rather than as a residual of her 1969 surgery. Because Berselli's theory was stated in terms of possibilities rather than probabilities and his testimony apparently was that the 1981 injury only caused claimant's condition to become symptomatic, the Board found his testimony insufficient to sustain claimant's burden of proof. The Board expressed frustration with the causation issue, noting that, if the second surgery were never performed, the cause of claimant's condition might remain unknown.

After the referee's opinion and the appeal to the Board, but before the Board issued its order, Berselli and Silver performed the disputed surgery. In a letter to claimant's attorney, Berselli stated that, based on what he discovered

during that surgery, he believed that the 1981 injury caused an increase in scarring and that the injury was a material contributing cause of claimant's need for further medical care. Claimant then moved the Board to withdraw its opinion and remand the case to the referee to take additional evidence. The Board refused to remand the case and adhered to its earlier opinion:

> "On the question which we found determinative on review — the causation question — the additional evidence proffered by claimant adds little or nothing. Having had the benefit of viewing the condition of claimant's spine on surgery, we would expect Dr. Berselli to be in a position to offer a better explanation of his findings and how those findings support his conclusion that the epidural scarring in claimant's spinal canal was caused in material part by her 1981 industrial injury, as opposed to her 1969 low back surgery. As we read Dr. Berselli's most recent report, it merely states the finding of epidural scarring in the spinal canal and his 'belief' that claimant's 1981 injury caused some increase, with no explanation in support of this belief. This was one of the two theories advanced by Dr. Berselli at the hearing, and his recent post-surgical report adds little in support of this theory."

On the facts of this case, we agree with claimant that the Board should have remanded the case to the referee. The dispositive issue for the Board was whether the 1981 injury was responsible for claimant's need for surgery. Berselli was able to testify only that it was possible that the injury had caused additional scarring. The surgery evidently vindicated his opinion. The evidence claimant seeks to have the referee consider fills the gap which the Board found in Berselli's opinion. The Board's statement that the additional evidence adds little or nothing to the record is puzzling in the light of its earlier statement that, without the second surgery, it was essentially impossible to determine the cause of claimant's condition. Admittedly, Berselli's statements in the letter to claimant's attorney are rather conclusory. However, it was submitted as a basis for a remand to the referee rather than as a complete medical report on the causation issue. Claimant should have an opportunity to explore fully the medical opinions following the surgery. The proffered evidence completes the otherwise incomplete record, and the Board abused its discretion by not remanding the case to the referee. *See Muffett v. SAIF*, 58 Or App 684, 687, 650 P2d 139 (1982).

Remanded to referee to take additional evidence.