Argued and submitted July 31, affirmed December 4, 1985, reconsideration denied January 24, petition for review denied March 18, 1986 (300 Or 605)

In the Matter of the Compensation of
Charles E. Fischer, Claimant.

**FISCHER,**
*Petitioner,*

*v.*

**STATE ACCIDENT INSURANCE FUND
CORPORATION,**
*Respondent.*

(WCB No. 83-06763; CA A33877)

711 P2d 162

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief was Malagon & Associates, Eugene.

Donna Parton Garaventa, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Claimant injured his wrist at work in April, 1982. After returning to work, he injured his foot on July 27, 1982. A determination order on January 5, 1983, closed the wrist claim with an award of temporary total disability (TTD) from April 26 to October 21, 1982. A determination order on July 11, 1983, closed the foot claim with an award of TTD from July 29, 1982, to June 10, 1983, "less amount paid in [the wrist claim]." This appeal concerns only the foot claim.

SAIF paid TTD on the foot claim, in the amount of 100% of the "average weekly wage," ORS 656.211, from July 29 to August 11, 1982. SAIF also paid TTD on the wrist claim from August 11 to October 22, 1982. SAIF resumed paying TTD on the foot claim on October 22, 1982, and made payments through July 13, 1983.

Claimant challenged the July 11, 1983, determination order on the foot claim, and the parties raised three issues. First, claimant sought an award of permanent partial disability, which the referee granted. Second, SAIF argued that it was entitled to an offset for the overpayment of TTD beyond the time when claimant was determined to be medically stationary; the referee agreed that SAIF was entitled to an offset. The third issue was the propriety of SAIF's suspending payment of TTD on the foot claim for the period from August 11 to October 22, 1982, during which it paid TTD on the wrist claim. The referee characterized this as a "crossover offset" and ruled that it was improper for SAIF to refuse to pay TTD on the foot claim for the period during which it was also paying TTD on the wrist claim. He ordered SAIF to reimburse claimant for the "offset" it had made for TTD due on the foot claim for July 29 to October 21, 1982.

SAIF appealed the referee's order to the Board, challenging only his third ruling, which the Board characterized as having "the effect of requiring separate temporary total disability payments for overlapping periods of time loss caused by separate injuries." By order dated October 16, 1984, the Board reversed that part of the referee's order, ruling that claimant is not entitled to receive or retain double benefits for the period between July 29 and October 21, 1982. On October 31, 1984, the Board issued an order granting SAIF's request for reconsideration and modifying the October 16 order to

apply only to the period between August 11 and October 21, 1982.

SAIF requested further reconsideration on November 6, 1984. On November 7, claimant filed a petition for judicial review of the October 16 and 31 orders. On November 28, the Board issued an order granting SAIF's second request for reconsideration, but adhered to its former orders. Claimant did not file an amended petition for judicial review.

SAIF first contends that this court lacks jurisdiction to review the orders in this case, because claimant did not file an amended petition for review within 30 days after the November 28 order. ORS 656.295(8) provides that the Board's order is final unless a party petitions for judicial review within 30 days of mailing the order to the parties. ORS 656.298(1) reiterates that review must be sought within 30 days. The November 28 order notified the parties of this requirement.

■ ORS 183.482(6)[1] provides that, if an agency withdraws an order for reconsideration after a petition for judicial review is filed, a petitioner may file an amended petition for review of the revised order if the petitioner is dissatisfied with the agency action after reconsideration. This statute applies to the Workers' Compensation Department, because its application is not excluded by ORS 183.315(1). *Tektronix Corp. v. Twist,* 62 Or App 602, 661 P2d 562, *rev den* 295 Or 259 (1983).

■ In *Knapp v. Employment Division,* 67 Or App 231, 677 P2d 738 (1984), the agency withdrew its order for reconsideration while a petition for review was pending in this court and issued an order on reconsideration which affirmed the earlier decision. We dismissed the petition for judicial review, because the petitioner did not file an amended petition for review after the agency issued the order on reconsideration. In

---

[1] ORS 183.482(6) provides:

"At any time subsequent to the filing of the petition for review and prior to the date set for hearing the agency may withdraw its order for purposes of reconsideration. If an agency withdraws an order for purposes of reconsideration, it shall, within such time as the court may allow, affirm, modify or reverse its order. If the petitioner is dissatisfied with the agency action after withdrawal for purposes of reconsideration, he may file an amended petition for review and the review shall proceed upon the revised order."

this case, the Board did not expressly withdraw the October 31 order nor did the Board's order granting SAIF's request for reconsideration have the effect of impliedly withdrawing its previous order, because it did not modify the prior order in any way. Because the Board neither expressly withdrew the October 31 order nor modified it, we hold that ORS 183.482(6) did not require claimant to file an amended petition for review after the November 28 order. We have jurisdiction of the case.

■ On appeal, claimant argues that the Board erred in ordering " 'cross-over offsets' of overpaid compensation on one claim from another claim involving a totally different injury." He also argues that SAIF could not unilaterally decide to "allocate" temporary total disability between two separate claims, relying on *Forney v. Western States Plywood,* 66 Or App 155, 672 P2d 1376 (1983), *aff'd* 297 Or 628, 686 P2d 1027 (1984). He claims that SAIF should have paid TTD on both claims and then sought to recover the overpayment of double benefits as an offset against future permanent partial disability payments.

Claimant relies on *former* OAR 436-54-320[2] and cases decided under it. The rule provided, in pertinent part:

> "Insurers and self-insured employers may recover overpayment of benefits paid to a worker on an accepted claim from benefits which are or may become payable on *that* claim." (Emphasis supplied.)

*Cascade Steel Rolling Mills v. Madril,* 62 Or App 598, 661 P2d 564, *rev den* 295 Or 541 (1983), applied the rule in holding that previous overpayments on a prior claim could not be offset in a later claim. *Forney v. Western States Plywood, supra,* also interpreted the rule and statutory law to hold that an employer or insurer cannot unilaterally recover an overpayment as an offset.

The rule and those cases are not relevant to this case because SAIF, by suspending payments of TTD on the foot claim for the period which overlapped payments of TTD in the wrist claim, *avoided* making an overpayment in the foot claim. It did not seek to offset an overpayment for the

---

[2] This version of OAR 436-54-320 was effective through April 3, 1984, and would apply to SAIF's action in this case. The rule was changed effective April 4, 1984. Its successor is currently codified at OAR 436-60-170.

overlapping period. Rather, it properly paid all the compensation due under ORS 656.210(1):

> "When the total disability is only temporary, the worker shall receive during the period of that total disability compensation equal to 66-2/3 percent of wages, *but not more than 100 percent of the average weekly wage * * *.*" (Emphasis supplied.)

Claimant is not entitled to receive double the statutory sum for the same period of time loss because he has two separate disabling injuries. *See Petshow v. Ptld. Bottling Co.,* 62 Or App 614, 661 P2d 1369 (1983), *rev den* 296 Or 350 (1984). Even though it suspended payments on the foot claim during the period in which it was paying TTD on the wrist claim, SAIF compensated claimant for 100% of his time loss. The workers' compensation law does not require greater compensation, nor does it prohibit SAIF from arranging payments as it did.

Affirmed.