COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Fitzpatrick
Argued at Alexandria, Virginia

VALORIE J. ROBINSON

v.        Record No. 2361-94-4              OPINION BY
                                      JUDGE JOHANNA L. FITZPATRICK
SALVATION ARMY/THE GEORGIA CORP.           JULY 18, 1995
 AND LIBERTY MUTUAL FIRE
 INSURANCE CO.


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        John L. Lilly, Jr., for appellant.

        Lisa C. Healey (Siciliano, Ellis, Dyer & Boccarosse,
            on brief), for appellees.


     Valorie J. Robinson (claimant) appeals the commission's
decision denying her concurrent temporary total disability
benefits from two distinct employers for two separate work-
related injuries suffered at different times.  The sole issue on
appeal is whether the commission properly limited claimant to
benefits based on the higher of her two average weekly wages in
order to prevent a double recovery and a rate of compensation in
excess of her earning capacity.  Finding no error, we affirm the
commission.

                         **BACKGROUND**

     On June 29, 1988, claimant injured her right ankle while
working as a recreation leader for the City of Alexandria (the
City).  Claimant's average weekly wage at the time of her injury
was $326.  Claimant received compensation for various periods of
disability, including June 5 to August 21, 1989 and June 11 to
June 24, 1990.  On June 10, 1993, claimant underwent ankle

surgery that rendered her totally disabled, and the City agreed to pay claimant $217.33 temporary total disability benefits commencing June 10, 1993.

Claimant suffered an injury to her right hand while working as director of a community center for the Salvation Army on March 20, 1990. At the time of the accident, claimant's average weekly wage was $346.15, and she was not receiving disability benefits from the first injury. Claimant and the Salvation Army agreed to benefits commencing April 1, 1991, and benefits were suspended on January 13, 1992 when claimant was released to full-time work. On June 2, 1993, claimant had surgery on her hand, and the Salvation Army voluntarily paid temporary total disability benefits from June 2, 1993 to November 14, 1993.

Claimant filed an application seeking an award of continuing temporary total disability benefits from the Salvation Army on January 6, 1994. At that time, she was still receiving from the City total disability benefits for the injury to her ankle. On April 4, 1994, the City filed an application to terminate its payment of benefits to claimant. Claimant wanted concurrent total disability benefits from both employers, with the amount based on the total of her two average weekly wages. The commission found that claimant was not entitled to a "double recovery" and held that the City was "liable only for disability compensation attributable to the June 29, 1988 accident that exceeds disability benefits attributable to . . . the March 20,

1990 accident."

## CONCURRENT DISABILITY BENEFITS

Claimant argues that the commission erred in denying her concurrent total disability payments for both injuries. There is no dispute that this is a total disability case governed by Code § 65.2-500.

"This Court is not bound by the legal determinations made by the commission. '[W]e must inquire to determine if the correct legal conclusion has been reached.'" Cibula v. Allied Fibers & Plastics, 14 Va. App. 319, 324, 416 S.E.2d 708, 711 (1992) (quoting City of Norfolk v. Bennett, 205 Va. 877, 880, 140 S.E.2d 655, 657 (1965)), aff'd, 245 Va. 337, 428 S.E.2d 905 (1993).

"The purpose of the Workers' Compensation Act is to provide compensation to an employee for the loss of his opportunity to engage in work . . . ." Barnett v. D.L. Bromwell, Inc., 6 Va. App. 30, 33-34, 366 S.E.2d 271, 272 (1988) (en banc). Code § 65.2-500 contains the formula for benefits in total disability cases:

> When the incapacity for work resulting from the injury is total, the employer shall pay, or cause to be paid, as hereinafter provided, to the injured employee during such total incapacity, a weekly compensation equal to 66 2/3 percent of his average weekly wages, with a minimum not less than 25 percent and a maximum of not more than 100 percent of the average weekly wage of the Commonwealth as defined herein. In any event, income benefits shall not exceed the average weekly wage of the injured employee.

(Emphasis added.)

Claimant argues that nothing in Code § 65.2-500 prevents her from receiving more than the total of her average weekly wage when two employers are involved.  However, Code § 65.2-500 specifically limits "income benefits . . . [to] the average weekly wage of the injured employee."  Additionally, Professor Larson in his treatise on workers' compensation presents a rationale to limit awards for concurrent injuries to the weekly maximum for total disability.

> [A]t a given moment in time, a person can be no more than totally disabled. . . . [Additionally,] if he is allowed to draw weekly benefits simultaneously from a permanent total and a permanent partial award, it may be more profitable for him to be disabled than to be well--a situation which compensation law always studiously avoids in order to prevent inducement to malingering.

2 Larson, supra, § 59.41(a), at 10-561, -565, -567 (footnotes omitted).  This rationale is equally applicable in a case involving concurrent benefits from two total disability awards.

In addressing this issue, other states with a similar statutory maximum on total disability benefits have limited benefits to the maximum when a claimant suffers more than one work-related injury.  See, e.g., Matney v. Newberg, 849 S.W.2d 526 (Ky. 1993); Harrison v. Lakey Foundry Corp., 106 N.W.2d 521 (Mich. 1960); Walls v. Hodo Chevrolet Co., Inc., 302 So. 2d 862 (Miss. 1974); Fischer v. State Accident Ins. Fund Corp., 711 P.2d 162 (Or. Ct. App. 1985), review denied, 717 P.2d 1182 (Or. 1986).  These cases hold that "a claimant may not, at one time, be

4

compensated for more than total occupational disability because he can, in fact, be no more than totally occupationally disabled." Matney, 849 S.W.2d at 527. "[A] claimant may not pyramid benefits and receive in excess of the maximum weekly benefits provided by statute during any one period." Walls, 302 So. 2d at 867.

We hold that Code § 65.2-500 limits claimant's total disability benefits to sixty-six and two-thirds percent of the greater of her two average weekly wages. Claimant's argument that Code § 65.2-500 allows her concurrent benefits based on the total of her average weekly wages with both employers is without merit. The purpose of workers' compensation is to provide compensation to the injured employee who suffers a work-related accident by continuing to pay her a wage comparable to that earned at the time of the injury. This purpose does not justify awarding an employee who suffers two unrelated injuries more money than she has ever earned in a week.[1]

In this case, the commission relied on the policy rationale of Code § 65.2-506[2] to avoid double recovery when an employee

_____

[1]Claimant's average weekly wage at the time of her first injury was $326, and her average weekly wage at the time of her second injury was $346.15. If we were to award claimant concurrent benefits, she would receive $448.10 per week in benefits.

[2]Code § 65.2-506 provides as follows:

> If an employee receives an injury for which compensation is payable while he is still receiving or entitled to compensation for a previous injury in the same employment,

5

suffers two injuries in the same employment and limited claimant's total disability benefits to compensation based on the greater of her two average weekly wages, her wages with the Salvation Army.  Here, claimant's average weekly wage never exceeded her Salvation Army wage, and the commission properly awarded claimant benefits based on that wage.  Additionally, the commission's apportionment of the benefit liability between the City and the Salvation Army is a sound division under the facts in this case.  See Donahue v. Clark Elec. Contractors, Inc., 68 O.I.C. 256 (1989) (dividing benefit liability between two different insurers in a similar manner).

Accordingly, the decision of the commission is affirmed.

Affirmed.

---

he shall not at the same time be entitled to compensation for both injuries.

Claimant argues that Code § 65.2-506 does not bar her from receiving benefits for both injuries.  The Salvation Army agrees that Code § 65.2-506 does not control in this case but argues that the rationale of Code § 65.2-506 bars a double recovery.  In Donahue v. Clark Elec. Contractors, Inc., 68 O.I.C. 256 (1989), the commission held that Code § 65.2-506 was designed "to bar the payment of compensation for successive injuries in the same work which might result in a double recovery or at least a compensation rate which exceeded the pre-injury average weekly wage."  Id. at 258.  As in Donahue, the commission found that Code § 65.2-506 did not apply under the facts in this case but determined that the policy of avoiding a double recovery justified limiting claimant's benefits to the greater of her two average weekly wages.