COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Coleman and Elder
Argued at Salem, Virginia


COMMONWEALTH OF VIRGINIA/
 DEPARTMENT OF TRANSPORTATION
                                        OPINION
v.        Record No. 0138-96-3    BY JUDGE JOSEPH E. BAKER
                                     NOVEMBER 19, 1996
JIMMY K. SWINEY

         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             Ingrid E. Olson, Assistant Attorney General
             (James S. Gilmore, III, Attorney General;
             Gregory Lucyk, Senior Assistant Attorney
             General, on brief), for appellant.

             No brief or argument for appellee.


     The Department of Transportation (employer) appeals from a

decision of the Workers' Compensation Commission (commission)

denying employer's request to suspend an order of compensation to

Jimmy K. Swiney (claimant).  Employer argues that claimant was

ineligible for workers' compensation benefits because claimant

was "[r]eceiving wages due to the Workforce Transition Act

directly from the employer as of 5/1/95."  We disagree and affirm

the commission's decision that payments made under the Workforce

Transition Act (WTA) are not "wages" for purposes of the Workers'

Compensation Act (Act).

     Claimant, a fifty-five-year-old male, was employed by

employer for nineteen years.  On December 27, 1990, claimant

sustained an on-the-job injury.  The commission found the injury

to be compensable and entered an appropriate award.  After the

entry of that award, claimant was offered early separation from his employer pursuant to the provisions of the WTA.[1] In consideration of his early separation, claimant was offered the immediate lump sum payment of $5,000 and, additionally, $18,553.68 to be paid in weekly sums of $515.38. The $5,000 was paid in lieu of any unemployment claim to which claimant may have been entitled. Claimant accepted the offer and voluntarily resigned from his employment.

Thereafter, on May 15, 1995, the commission entered a further award based upon the injury claimant sustained in his December 27, 1990 accident. This subsequent award directed employer to pay claimant $278.32 weekly beginning January 23, 1995 for temporary total disability. The sum was calculated from claimant's average weekly wage of $515.

On June 2, 1995, employer filed an application for hearing, requesting that the commission suspend its order requiring employer to pay the $278.32 weekly benefit. Employer asserted that claimant was receiving "wages" from employer pursuant to the WTA, which relieved employer from making any workers' compensation payments that may have otherwise been due claimant. The commission found that payments made to claimant pursuant to the WTA are not "wages" and denied employer's request. Employer contends that the commission erred when it found the WTA payments were not "wages" for purposes of the Act. The sole issue

[1]Code § 2.1-116.20 et seq.

- 2 -

presented by this appeal is whether the payments made or to be made to claimant pursuant to the WTA are "wages" within the provisions of the Act.

In Fidelity Ins., Trust & Safe Deposit Co. v. Shenandoah Valley R.R. Co., 86 Va. 1, 8, 9 S.E. 759, 761-62 (1889), the Supreme Court of Virginia approved Bouvier's definition of wages as "a compensation given to a hired person for his or her services." No Virginia Supreme Court decision has changed that definition. Black's Law Dictionary 1416 (5th ed. 1979), states that wages are "compensation of employees based on time worked or output of production." Every authority agrees that "wages" are compensation paid for work performed or services rendered. See 2 Arthur Larson, The Law of Workmen's Compensation § 60.12 (1986). The money paid to claimant pursuant to the WTA was not for work or services rendered to employer, but to induce him not to work and to discontinue his service to employer.

Employer contends that benefits provided under the WTA fall within the case law definition of "wages." This Court has held that "wages" is a term applied to compensation paid to a worker "as consideration for work," which constitutes an economic gain for the employee. Southwest Architectural Prods., Inc. v. Smith, 4 Va. App. 474, 480, 358 S.E.2d 745, 748 (1987); Bosworth v. 7-Up Distrib. Co. of Fredericksburg, Inc., 4 Va. App. 161, 163, 355 S.E.2d 339, 341 (1987). None of these cases require the commission to grant employer's request to suspend compensation it

- 3 -

was ordered to pay claimant.

Employer contends that <u>Roanoke Belt, Inc. v. Mroczkowski</u>, 20 Va. App. 60, 455 S.E.2d 267 (1995), declared unemployment benefits to be "wages." We disagree. The issue in that case was whether such benefits "should be considered as <u>income</u> in the dependency-destitution calculus" for determining eligibility for death benefits. <u>Id.</u> at 60-70, 455 S.E.2d at 272. That case is inapposite to the issue before us. A case more on point is <u>City of Alexandria v. McClary</u>, 167 Va. 199, 188 S.E. 158 (1936). In <u>McClary</u>, a city policeman was killed outside the city while on assignment assisting federal officers in making an arrest. His widow received a Virginia Workers' Compensation award of $75 per week. Subsequently, Congress made a federal death benefit award to the widow in full satisfaction of any claim the widow may have had against the United States as a result of the incident. The Court denied the city's request to permit it to offset sums received by the widow against its workers' compensation liability. <u>Id.</u> at 205, 188 S.E. at 161.

We hold that nothing in the WTA discloses a legislative intent that payments made pursuant to its provisions are to be considered "wages" as that term is used in the Act. The payments made pursuant to the agreement with claimant were not for work performed or services rendered to employer in anticipation of compensation, but were to induce claimant not to perform work for employer.

- 4 -

Accordingly, the decision of the commission is affirmed.

<u>Affirmed.</u>