COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Clements and Agee
Argued at Salem, Virginia


McKEE FOODS CORPORATION AND
 ST. PAUL FIRE & MARINE
 INSURANCE COMPANY

                                        MEMORANDUM OPINION* BY
v.   Record No. 2727-00-3              JUDGE G. STEVEN AGEE
                                             JULY 3, 2001
TONY DUANE ATKINS


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          R. Ferrell Newman (Thompson, Smithers,
          Newman, Wade & Childress, on brief), for
          appellants.

          A. Thomas Lane, Jr., for appellee.


     On this appeal, McKee Foods Corporation and its insurer,

St. Paul Fire & Marine Insurance Company, (collectively referred

herein as "the employer"), appeal the decision of the Virginia

Workers' Compensation Commission ("the commission") in which it

found it had jurisdiction to adjudicate a claim filed by Tony

Duane Atkins ("the claimant") on April 12, 2000.  The employer

contends that the statute of limitations barred the commission

from asserting jurisdiction in this matter and, for the

following reasons, we agree with the employer and reverse the

decision.

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

BACKGROUND

The claimant was employed with the employer as a truck driver on October 15, 1997, when he was involved in a motor vehicle accident in which his right arm was injured. Each physician who treated the claimant consistently diagnosed his symptoms as relating to an injury to his right arm or shoulder. The incident was timely reported, and the employer accepted the injuries as compensable. After surgery was performed on November 26, 1997, the claimant was released to return to work without restrictions and remained so engaged for over a year.

A Memorandum of Agreement ("the agreement"), reflecting the injury as a "strain of upper extremity," was executed by the parties and filed with the commission on November 19, 1997. Pursuant to the agreement, the commission entered an award providing for the payment of disability and medical treatment for the claimant's injury.

In June 1999, the claimant returned to the orthopedist who performed surgery on his shoulder after the accident and complained of renewed problems with his shoulder. The orthopedist, Dr. Burgess, found "no evidence of cervical radioculopathy." He referred the claimant for a neurological examination, which found "no neurologic[al] evidence of cervical radioculopathy." Claimant's symptoms were "muscular in nature related to his shoulder injury."

-

On October 25, 1999, the claimant again returned to the orthopedist. Subsequent testing revealed that the claimant's current symptoms were likely due to a disc bulge at C4-5. The claimant submitted his medical bills for payment under the 1997 agreement. The employer advised the claimant that it would only cover the bills associated with treatment of the right shoulder, not for a neck injury. On April 12, 2000, the claimant filed an application with the commission requesting that his "neck and/or cervical conditions" be considered injuries covered under the agreement.

The employer defended averring the commission was without jurisdiction to hear the claim as it was barred by the expiration of the statute of limitations in Code § 65.2-601. The deputy commissioner agreed with the employer and denied the claimant's application, noting that it was filed over two years after the accident date and, therefore, the commission was without jurisdiction to consider the matter. This decision was reversed upon review by the full commission, which held the statute of limitations did not bar the claimant's application. Simply stated, the commission, broadly construing the agreement, found it covered the alleged cervical injury and, therefore, was not barred by the statute of limitations. Commissioner Tarr dissented. We disagree with the commission and reverse the commission's decision.

-

ANALYSIS

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal only if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). However, the commission's application of statutory and case law is a finding of law not binding on this Court. See Robinson v. Salvation Army, 20 Va. App. 570, 572, 459 S.E.2d 103, 104 (1995).

The right to compensation under the Workers' Compensation Act ("the Act") "shall be forever barred, unless a claim be filed with the Commission within two years after the accident." Code § 65.2-601. The issue in this case is whether the claimant asserted all his injuries within two years of the October 15, 1997 accident.

The full commission found that under a broad interpretation of the agreement and in light of the "interrelatedness" of the neck and shoulder, the cervical injury was claimed within the two-year period. It further held that the Supreme Court of Virginia's decision in Shawley v. Shea-Ball, 216 Va. 442, 219 S.E.2d 849 (1975), was inapplicable to the case at bar because of the interrelatedness of the body parts, finding Shawley to

-

apply only "where there is an unconnected and unrelated body part . . . ."

However, upon our review of the facts and applicable law, we hold the commission erred in its interpretation and application of Shawley. The injury identification of "strain of upper extremity" in the agreement and the treatment to the arm and shoulder did not amount to putting the employer on notice as to its potential liability for the claimed injury to the other body parts. This is particularly true in this case as there was an explicit medical finding during the statutory period that no cervical problem regarding the claimant's neck existed.

In Shawley, the claimant fell from a ladder and injured his left foot and ankle. The Memorandum of Agreement described the nature of the injury as "right hip and left ankle." After the statute of limitations had run, the claimant asked the commission to grant as part of his claim for a left ankle injury an additional claim for alleged back and right leg injuries. The commission refused the request and found that "'[n]o written claim for injury to the back or right leg was filed with the Commission within [the requisite time period] as required . . . . Moreover and admittedly, it was only beginning [after the statute had run] that the first reference was made or appears in reports to any back or right leg condition.'" Id. at 443-44, 219 S.E.2d at 849.

-

The Supreme Court affirmed the decision and held:

> Appellant argues here that it was not necessary for him to specify all injuries in his original claim, or to assert them within [the statutory period] . . . . We disagree. Clearly it is the intent of [the statute] that . . . an employee must assert against his employer any claim that he might have for any injury growing out of an accident. . . . [I]t is this notice to the employer and his insurance carrier that gives them knowledge of the accident and of their potential liability. Failure to give such notice within [the statutory time period] from an accident would seriously handicap the employer and the carrier in determining whether or not there was in fact an injury, the nature and extent thereof, and if related to the accident. The reason for the limitation prescribed by [the statute] is a compelling one.

Id. at 446, 219 S.E.2d at 853.

Despite the commission's ruling in the case at bar that a claimant is not required to "identify with precision every body part involved," the Supreme Court made it clear that notice made with specificity and asserted within the statute of limitations is required. In the case at bar, the claimant failed to meet this requirement.

The claimant was required to identify all his injuries by October 15, 1999. Therefore, the cervical injury claim, made after the statute of limitations had run, bars the commission's consideration of this matter as its jurisdictional authority terminated at the two-year mark. See Code § 65.2-601. Further,

-

the commission has no authority to rewrite the agreement to encompass the injury or to determine if adjacent body parts not identified in the agreement are "close enough" to be covered.[1] See Shawley, 216 Va. at 446, 219 S.E.2d at 853.

While the claimant is correct in stating the Act must be liberally construed in harmony with its humane purposes, "statutory construction may not be used to extend the rights created by the Act beyond the limitations and purposes set out therein."  Garcia v. Mantech International Corp., 2 Va. App. 749, 754, 347 S.E.2d 548, 551 (1986).  To construe the Act and the agreement to find the cervical injury claim filed within the statutory period ignores the fundamental notice requirement of Code § 65.2-601 as established in Shawley and Garcia.

In summary, we hold, pursuant to Shawley, that the claimant failed to file a timely claim for his cervical injury within the meaning of Code § 65.2-601.  This resulted in the employer not being timely put on notice of the alleged cervical injury, as required by Shawley.

To vitiate the notice requirement by permitting an untimely claim would be fundamentally unfair to the employer.  Therefore, the claim and the commission's jurisdiction are barred by the

---

[1] Such an action by the commission disregards its own precedent.  See e.g., Gross v. Wyeth-Ayerst Laboratories, V.W.C. No. 182-73-27 (April 11, 2000).

-

statute of limitations.  Accordingly, the decision of the commission is reversed.

Reversed.
