COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Agee and Senior Judge Coleman


PATRICIA F. MILLS

                                    MEMORANDUM OPINION*
v.    Record No. 0388-02-2              PER CURIAM
                                      JULY 16, 2002
FALLING CREEK SPORTSWEAR, INC. AND
 STATE FARM FIRE & CASUALTY COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Mark M. Esposito; Jay Tronfeld & Associates,
              on brief), for appellant.

              (Kathryn Spruill Lingle; Theisen & Lingle, P.C.,
              on brief), for appellees.

     Patricia F. Mills (claimant) contends the Workers'

Compensation Commission erred in finding that (1) the statute of

limitations contained in Code § 65.2-601 barred her claim filed

on May 10, 2001, alleging a neck injury as a result of her

April 23, 1999 compensable injury by accident; (2) the doctrine

of imposition did not apply to toll the statute of limitations

in this case; and (3) her change in work capacity was not due to

a condition causally related to her April 23, 1999 compensable

injury by accident.[1]  Upon reviewing the record and the parties'

briefs, we conclude that this appeal is without merit.

───────────────

          * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

          [1] In her brief, claimant withdrew this assignment of error
because the commission did not reach this issue.  Accordingly,
we will not address it on appeal.

Accordingly, we summarily affirm the commission's decision. Rule 5A:27.

## I.  Statute of Limitations

On appeal, we view the evidence in the light most favorable to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence.  See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). However, the commission's application of statutory and case law is a legal ruling subject to review by this Court.  See Robinson v. Salvation Army, 20 Va. App. 570, 572, 459 S.E.2d 103, 104 (1995).

The evidence established that while working for employer on April 23, 1999, claimant sustained an injury by accident when she tripped over a telephone cord and fell.  Employer accepted the claim as compensable and the parties executed and filed a Memorandum of Agreement ("MOA") with the commission.  The MOA listed claimant's injuries sustained as a result of the compensable accident as "shoulder & knees."  The Employer's First Report of Accident confirmed that claimant reported injuries to her arm and knees.

On June 4, 1999, the commission entered an award pursuant to the MOA for temporary total disability benefits beginning April 30, 1999.

On February 28, 2000, claimant filed an application seeking to hold employer responsible for the cost of a MRI of her left shoulder and the cost of breast implant replacement surgery. The February 28, 2000 claim listed injuries to claimant's left arm, a torn rotator cuff, and ruptured breast implants. The claim did not identify a neck injury. At the September 26, 2000 hearing on the claim, claimant's attorney asked her to identify the injuries she suffered as a result of her fall. Claimant responded, "Well, I broke my arm and tore a rotator cuff and ruptured my implants." Employer's July 12, 2000 application seeking suspension of claimant's benefits due to her release to return to pre-injury work was also before the deputy commissioner at the September 26, 2000 hearing.

In an October 11, 2000 opinion, the deputy commissioner granted claimant's request that employer pay for her left shoulder MRI, but denied claimant's request to hold employer responsible for the cost of breast implant replacement surgery. The deputy commissioner terminated claimant's benefits as of July 13, 2000, based on the finding that she had been released to return to her pre-injury work. On April 27, 2001, the commission affirmed the deputy commissioner's decision on review. Claimant did not appeal that decision.

On May 10, 2001, claimant filed a Claim for Benefits alleging a neck injury causally related to her April 23, 1999 compensable injury by accident and seeking reinstatement of

compensation benefits commencing April 23, 2001.  She also requested that employer be held responsible for the cost of a cervical spine MRI ordered by Dr. Kenneth Zaslav.

In denying claimant's application, the commission found as follows:

> [N]o claim of a neck or a neck injury was filed within two years of the date of injury.  There was no indication on the Memorandum of Agreement, duly executed by the parties and filed with the Commission, of any injury to the neck; it only listed shoulder and knee injuries. . . .  The claimant did not make any claim for a neck injury when the claimant filed her claim on February 28, 2000, nor did she identify her back [sic] injury in response to an interrogatory that asked for all her injuries.[2]  Therefore, the claim is barred by the statute of limitations.

The right to compensation under the Workers' Compensation Act "shall be forever barred, unless a claim be filed with the Commission within two years after the accident."  Code § 65.2-601.  The Supreme Court made it clear in <u>Shawley v. Shea-Ball</u>, 216 Va. 442, 446, 219 S.E.2d 849, 853 (1975), that "an employee must assert against his employer any claim that he might have for any injury growing out of an accident. . . . [I]t is this notice to the employer and his insurance carrier

---

[2] In claimant's April 21, 2000 answers to employer's interrogatories, she identified only injuries to her left arm, rotator cuff, knees, and ruptured breast implants as a result of the April 23, 1999 compensable accident.

that gives them knowledge of the accident and of their potential liability."

The claimant was required to identify all of her injuries by April 23, 2001. Neither the Employer's First Report of Accident or the MOA identified a neck injury. Claimant did not identify a neck injury in her February 28, 2000 claim nor did she testify to a neck injury at the hearing on that claim when asked to specifically identify the injuries she sustained as a result of the April 23, 1999 compensable accident. The fact that claimant may have complained of neck pain to her physicians did not relieve her of the jurisdictional requirement that she file a timely claim for a neck injury, especially, where in this case, employer had denied any responsibility for payment of an MRI of claimant's cervical spine.

Claimant did not file a claim alleging a neck injury until May 10, 2001, more than two years after her April 23, 1999 compensable accident. Therefore, the commission had no jurisdiction to consider the neck injury claim, made after the statute of limitations had run. See Code § 65.2-601. Under Shawley, claimant failed to file a timely claim for her neck injury within the meaning of Code § 65.2-601.

## II. Imposition

The doctrine of imposition does not apply to toll the statute of limitations in this case. Imposition is based on the principle that "the commission has 'jurisdiction to do full and

- 5 -

complete justice in each case.' . . . even though no fraud, mistake or concealment has been shown." Avon Prods., Inc. v. Ross, 14 Va. App. 1, 7, 415 S.E.2d 225, 228 (1992) (quoting Harris v. Diamond Constr. Co., 184 Va. 711, 720, 36 S.E.2d 573, 577 (1946)).

"The doctrine focuses on an employer's or the commission's use of superior knowledge of or experience with the Workers' Compensation Act or the use of economic leverage, which results in an unjust deprivation to the employee of benefits warranted under the Act." Butler v. City of Va. Beach, 22 Va. App. 601, 605, 471 S.E.2d 830, 832 (1996). The doctrine does not apply where the employer's acts are consistent with an endeavor to comply with the Act. See Cheski v. Arlington County Pub. Schs., 16 Va. App. 936, 940, 434 S.E.2d 353, 356 (1993).

Nothing in this record established that employer used economic leverage or superior knowledge of the Act to effect an unjust deprivation of benefits, and nothing indicated employer did not endeavor to comply with the Act. To the contrary, employer's conduct showed an intent to comply with the Act. Employer filed a First Report of Accident, the parties executed and filed a MOA with the commission, the commission entered an award, and employer paid benefits to claimant pursuant to that award. Moreover, claimant was placed on notice that employer denied responsibility for the cervical spine MRI before the statute of limitations expired, yet she failed to file a timely

- 6 -

claim for a neck injury and its associated medical expenses with the commission. Thus, claimant's evidence failed to prove that the doctrine of imposition was applicable to toll the statute of limitations in this case.

For these reasons, we affirm the commission's decision.

Affirmed.
