COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Petty and Senior Judge Willis
Argued at Chesapeake, Virginia


B. P. SOLAR AND
  ACE AMERICAN INSURANCE COMPANY[1]
                                                         OPINION BY
v.        Record No. 1567-06-1                  JUDGE ROBERT P. FRANK
                                                    FEBRUARY 20, 2007
CAROLYN E. JONES


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Brian A. Richardson (Scott C. Ford; McCandlish Holton, PC, on
briefs), for appellant.

W. Mark Broadwell (Forbes & Broadwell, on brief), for appellee.


B. P. Solar and Ace American Insurance Company (collectively employer) appeal a

decision by the Workers' Compensation Commission finding that:  (1) claimant's short and

long-term disability payments from an independent source did not constitute an increase in

earnings which required reporting pursuant to Code § 65.2-712; and (2) employer was not

entitled to receive a credit for such disability payments.  For the reasons stated, we affirm the

commission.

BACKGROUND

Claimant sustained a compensable shoulder injury on March 22, 2001 while working for

employer.  The commission awarded claimant temporary total disability benefits beginning

March 23, 2001.  The commission entered a supplemental award on April 26, 2002 for

temporary total disability benefits from September 2, 2001 through and including September 9,

---

[1] The style of the case before the commission was Carolyn E. Jones v. B. P. Solar and
Pacific Employers Insurance Company.

2001. The commission entered another award for temporary total disability benefits beginning March 13, 2002 and continuing.

Claimant began employment with the Commonwealth of Virginia at Eastern State Hospital on September 10, 2001 and was employed through August 25, 2002. During that time, claimant was out of work and received short-term disability from February 25, 2002 until August 25, 2002. Claimant began receiving long-term disability from Eastern State Hospital on August 26, 2002, and continuing.

On October 7, 2005, employer filed an application seeking to terminate or suspend the outstanding award based upon claimant's return to work and alleged failure to report her earnings as required by the Act.

The commission found:

> It is undisputed that the claimant has remained totally incapacitated from work from March 13, 2002, and continuing as a result of her compensible injury by accident. Furthermore, although the record reflects that the claimant received short-term disability benefits (in addition to an unspecified amount of long-term disability compensation as an incapacitated employee of Eastern State Hospital) while at the same time receiving temporary total compensation pursuant to the Commission's April 26, 2002 Award, there is no evidence that the claimant actually "earned" these disability benefits by performing work for Eastern State Hospital. Thus, while such short or long-term disability benefits may be considered a form of "income" that she received while on an outstanding worker's compensation award and while still on the employment rolls of Eastern State Hospital, in our view they do not constitute "earnings" as contemplated by Code § 65.2-712.

The commission further determined that under the circumstances of this case, the employer was not entitled to a credit for short or long-term disability awarded to claimant by Eastern State Hospital because such benefits were not funded by employer, but from an independent source, namely, the Commonwealth of Virginia.

This appeal follows.

ANALYSIS

Failure to Report Income

Employer contends the commission erred in finding that claimant did not fail to report "income" as required by Code § 65.2-712.[2]

Code § 65.2-712 provides:

> So long as an employee or statutory dependent pursuant to § 65.2-515 receives payment of compensation under this title, any such person shall have a duty immediately to disclose to the employer, when the employer is self-insured, or insurer in all other cases, any incarceration, return to employment, *increase in his earnings*, remarriage or change in his status as a full-time student. Any payment to a claimant by an employer or insurer which is later determined by the Commission to have been procured by the employee or statutory dependent under § 65.2-515 by fraud, misrepresentation, or failure to report any incarceration, return to employment, increase in earnings, remarriage or change in his status as a full-time student may be recovered from the claimant or statutory dependent by the employer or insurer either by way of credit against future compensation payments due the claimant or statutory dependent, or by action at law against the claimant or statutory dependent. The Commission shall provide for notification to the statutory dependent of his obligation under this section.

(Emphasis added).

Employer complains of a ruling the commission never made. The commission did not find that claimant failed to report her income. To the contrary, the commission declined to equate income with earnings and found that claimant's disability income did not constitute "earnings" as contemplated by Code § 65.2-712.

We find employer's interchangeable use of the terms "income" and "earnings" significant and fatal to the issue raised. Indeed, the law makes clear the distinction between the two. The

---

[2] Employer's question presented is "Whether the commission (by reversing the deputy commissioner) erred in finding that claimant did not fail to report *income* as required by Code § 65.2-712." (Emphasis added).

Workers' Compensation Act equates "earnings" with "wages," Bay Concrete Constr. Co. v. Davis, 43 Va. App. 528, 539, 600 S.E.2d 144, 150 (2004), but does not equate "earnings" with "income." See Smith v. Robert W. Smith, 32 Va. App. 242, 255, 527 S.E.2d 463, 470 (2000) (recognizing that business profits, while considered income, were not earnings under the Act).

In holding that an early separation lump-sum buyout was not earnings under the Act, this Court defined wages as "a compensation given to a hired person for his or her services." Commonwealth v. Swiney, 23 Va. App. 467, 470, 477 S.E.2d 777, 778 (1996) (citing Fidelity Ins., Trust & Safe Deposit Co. v. Shenandoah Valley RR Co., 86 Va. 1, 8, 9 S.E. 759, 761-62 (1889)). We held that wages are "compensation of employees based on time worked or output of production." Id. (citing Black's Law Dictionary 1416 (5th ed. 1979)). Thus, we concluded in Swiney that the early separation funds "were not for work performed or services rendered to employer in anticipation of compensation, but were to induce claimant not to perform work for employer." Id.

In Bay Concrete Constr., this Court found that because the claimant was unable to work, the claimant had no earnings. "[B]ecause of claimant's total physical disability, he was not able to earn any wage during the period in question, and thus, he had no 'earnings' within the plain meaning of Code § 65.2-712." Bay Concrete Constr., 43 Va. App. at 539, 600 S.E.2d at 150.

Clearly, the statute requires an employee only to report an increase in earnings. Accordingly, the commission ruled that while claimant's disability benefits may be a form of "income," they were not "earnings" as contemplated by Code § 65.2-712. Employer essentially appealed a ruling the commission never made. Since the commission did not rule on whether claimant failed to report "income," we do not decide whether employer is entitled to a credit pursuant to Code § 65.2-712.

<u>Double Recovery</u>

Employer next contends that the commission erred in permitting claimant to collect workers' compensation benefits along with short and long-term disability benefits funded by the Commonwealth of Virginia through Eastern State Hospital. Employer argues that to allow both awards permits claimant to receive a double recovery.[3]

We begin with the premise that the purpose of the Workers' Compensation Act is to compensate injured workers for lost wages, not to enrich them unjustly. <u>Harris v. Diamond Constr. Co.</u>, 184 Va. 711, 717, 36 S.E.2d 573, 576 (1946).

> A review of the Virginia Act clearly discloses the General Assembly's intent that an injured employee not be awarded a double recovery for a compensable injury; equally evident in the Virginia Act is the General Assembly's intent that an employer not be required to pay twice for an employee's injury.

<u>Va. Int'l Terminals v. Moore</u>, 22 Va. App. 396, 403, 470 S.E.2d 574, 578 (1996), <u>aff'd</u>, 254 Va. 46, 486 S.E.2d 528 (1997).

Employer contends that it is entitled to a credit for payments made to claimant by the Commonwealth of Virginia through Eastern State Hospital. Employer's argument fails on its facts. In the present case, claimant received short and long-term benefits through a plan funded by the Commonwealth of Virginia, not a plan funded through the same employer who is liable to claimant for workers' compensation benefits.

A review of the applicable case law and statutes indicates that the paramount concern in avoiding a double recovery by a claimant is that the same employer is paying twice for the

---

[3] While employer and the commission cited <u>Litke v. Diebold Southeast Manufacturing</u>, VWC File No. 205-06-12, an unpublished opinion of the commission, we will not address the implications of that case because it is unpublished. <u>See</u> <u>Grajales v. Commonwealth</u>, 4 Va. App. 1, 2 n.1, 353 S.E.2d 789, 790 n.1 (1987) ("Unpublished memorandum opinions . . . are not to be cited or relied upon as precedent except for the purpose of establishing res judicata, estoppel or the law of the case.").

benefit of a single claimant. In other words, the focus is on the detriment to the employer or its carrier rather than on the windfall to the claimant. Here, employer complains that the claimant is recovering twice, not that it, as the employer, is paying twice. Under the facts of this case, we believe the correct analysis is whether the carrier/employer has suffered a "double pay out" as opposed to the claimant receiving a "double recovery." We find that allowing a credit to the employer in this case is not appropriate because employer has paid only once for claimant's injury.

Code § 65.2-520 states:

> Any payments made by the employer to the injured employee during the period of his disability, or to his dependents, which by the terms of this title were not due and payable when made, may, subject to the approval of the commission, be deducted from the amount to be paid as compensation provided that, in the case of disability, such deductions shall be made by reducing the amount of the weekly payment in an amount not to exceed one-fourth of the amount of the weekly payment for as long as is necessary for the employer to recover his voluntary payment.

This statute focuses on a "double pay-out" by the employer. Accordingly, in Moore v. Virginia Int'l Terminals, 254 Va. 46, 50, 486 S.E.2d 528, 530 (1997), the Supreme Court of Virginia found that payments made under the Longshore and Harbor Workers' Act were payments "not due and payable" under the Virginia Workers' Compensation Act and were subject to recoupment. The recoupment prevented a "double pay-out" by the carrier.

Our decision in Robinson v. Salvation Army, 20 Va. App. 570, 459 S.E.2d 103 (1995), does not alter this analysis. In Robinson, claimant suffered a compensable injury while working for the City of Alexandria and received benefits from that injury. Id. at 571, 459 S.E.2d at 104. Claimant later suffered a compensable injury while employed by the Salvation Army. Id. at 572, 459 S.E.2d at 104. She sought temporary total disability benefits from the Salvation Army while still receiving disability payments from the city. Id. We held, "'[A] claimant may not pyramid

- 6 -

benefits and receive in excess of the maximum weekly benefits provided by statute during any one period.'" Id. at 574, 459 S.E.2d at 105 (quoting Walls v. Hodo Chevrolet Co., 302 So. 2d 862, 867 (Miss. 1974)). However, our decision was based upon Code § 65.2-500(A), which states in part, "[I]ncome benefits shall not exceed the average weekly wage of the injured employee." We held Code § 65.2-500 barred the double recovery from two separate workers' compensation claims, i.e., concurrent disability benefits. Id. at 574, 459 S.E.2d at 105. Robinson, therefore, is premised on claimant receiving two workers' compensation awards, not a payment from an independent source, and Code § 65.2-500 does not apply to the instant case.

In Bay Concrete Constr., 43 Va. App. at 532, 600 S.E.2d at 146, employer, during claimant's disability and while claimant was receiving temporary total disability, paid claimant his pre-injury wages "because of the value he was to the company" and because "[it] just wanted to make sure that [he] was financially taken care of until he could come back to work." Finding the carrier was not entitled to a credit under Code § 65.2-712, because the payments were not income under Code § 65.2-712, we held:

> In addition to the clear language of the statute, policy reasons also dictate this result. If anyone has suffered a loss in this case, it is not carrier but employer, which paid both sums equal to claimant's pre-injury wage and its own workers' compensation insurance premiums. Employer paid the money to the claimant "for business reasons . . . because of the claimant's work history with the employer." Employer paid at its own expense, not carrier's; employer, having paid its workers' compensation insurance premiums, was entitled to have claimant, its injured employee, compensated by carrier for the undisputed period of time in 1999 during which he was temporarily and totally disabled.

Id. at 540, 600 S.E.2d at 150-51. Again, in Bay Concrete Constr., we focused on whether the carrier suffered a "double pay-out," not on claimant's "double recovery."

Similarly, in Woody's Auto Parts v. Rock, 4 Va. App. 8, 10, 353 S.E.2d 792, 793 (1987), claimant suffered a compensable injury and was awarded temporary total disability. Claimant

was also receiving benefits from the Social Security Administration, and the employer sought to receive a credit for the cost-of-living increases paid because of claimant's receipt of social security payments. Id. at 11, 353 S.E.2d at 794. We held:

> The issue is not whether the claimant may have received a windfall in additional benefits during the period in question; rather it is whether the cost-of-living supplements paid by the carrier to the claimant under the circumstances of this case should be reimbursed to the carrier where the Social Security Administration has not made a claim against the claimant for a reimbursement under the offset provision of the Social Security Act.

> \* \* \* \* \* \* \*

> It may be true that the claimant has received a temporary windfall. However, he gained it at the expense of the Social Security Administration rather than the carrier, which has only paid what it is obligated to pay under the Virginia Workers' Compensation Act.

Id. at 14-15, 353 S.E.2d at 796. Again, our decision was based, not on claimant's "double recovery," but whether there was a "double pay-out" by the carrier.

The same reasoning applies here. Employer, having paid its workers' compensation insurance premiums, was entitled to have claimant, its injured employee, compensated by the carrier for the undisputed period of time in which claimant was temporarily and totally disabled. See Bay Concrete Constr., 43 Va. App. at 540, 600 S.E.2d at 151. While it may be true that the claimant received a temporary windfall, she gained it at the expense of the Commonwealth through Eastern State Hospital rather than the carrier, which only paid what it was obligated to pay under the Virginia Workers' Compensation Act. See Woody's Auto Parts, 4 Va. App. at 15, 353 S.E.2d at 796. We fail to see why it is more equitable for the insurance carrier, rather than the injured claimant, to benefit from the payment of supplemental benefits made to claimant by a third party. We therefore find the commission did not err in failing to allow employer a credit for payments made by the Commonwealth through Eastern State Hospital.

- 8 -

For the foregoing reasons, we affirm the commission.

<u>Affirmed.</u>