# CIRCUIT COURT OF THE CITY OF SALEM

Reva F. Ashworth

 v.

James Larry Ashworth

October 25, 2007

Case No. CH91-106-04

BY JUDGE ROBERT P. DOHERTY, JR.

The parties were divorced in 1992. Wife and Husband are now totally disabled. Neither party earns any money. Husband has applied for social security disability. Husband accepted a buy-out in an amount equal to one years salary from his previous employer, less than one year ago, and before his disability. He has approximately $15,000.00 of those funds remaining, plus an amount he has set aside to pay the income tax that will be due on the gross amount he received for the buy-out. Husband paid his own recent extraordinary medical bills from his buy-out. His monthly gross income from his previous employer had been approximately $6,000.00 per month. Wife, who is probably eligible for welfare payments of some sort, has made no application for such assistance.

Husband had been paying spousal support since approximately 1991, and since 1997 he has been paying the sum of $1,200.00 per month spousal support plus $456.20 for health insurance costs for Wife. No arrearage exists. On June 7, 2007, the Court found that Husband was totally disabled and suspended his spousal support obligations. A rehearing was granted because Wife proved that, unknown to counsel, she had no actual notice of Husband's request to suspend or terminate spousal support.

Wife is requesting spousal support from the remainder of Husband's buy-out proceeds. Husband claims that those funds are not be considered as income to him, and that because he is totally disabled his spousal support obligation should cease. Both parties made oral and written arguments.

Neither the parties nor the Court has been able to find a Virginia case that gives guidance as to how these funds should be considered. The only reference to a buy-out was found in *Solar v. Jones*, 49 Va. App. 322, 326-27 (2007), where the Court of Appeals considered the classification of an early separation lump-sum buy-out under the Virginia Worker's Compensation Act. That certainly does not apply to spousal support. The arguments of counsel compare the facts of this case to the language used in the statutes dealing with the child support guidelines and the new spousal support formula. Both parties disagree as to whether spousal support should be paid from those funds.

Sections 20-107.1 and 20-109, Code of Virginia (1950), as amended, set forth the factors to be considered when setting spousal support and authorize that support to be adjusted as circumstances change. Upon a review of the factors contained in '20-107.1, the Court finds that the remaining buy-out proceeds constitute income and are a financial resource and a property interest of Husband from which spousal support could be ordered. Considering all of the facts in this case, including the needs of both parties and their ability or lack thereof to provide support for themselves and/or their former spouse, the Court finds that Husband should pay lump sum spousal support to Wife in the amount of $4,968.66. That obligation can be paid in three equal payments, the first due ten days after the entry of an order authorizing the same and a like payment each succeeding thirty days thereafter until paid in full. Thereafter, Husbands obligation to provide spousal support will again be suspended until circumstances change. Neither the parties nor their counsel anticipate a major change in circumstances in the future. The Court strongly encourages Wife to apply for public assistance when she is eligible.